Ex parte
Bryant.

———❊———

ROGER ENOS, Junior,
*against*
BENJAMIN BOARDMAN.

*Amos Marsh*, for plaintiff.
*Elnathan Keyes*, for defendant.

IN ERROR. In this cause judgment was rendered for the defendant, and the plaintiff moved to enter a *review*, and had leave, as it appeared that in some of the Counties it had been heretofore the practice; but the Court then suggested a doubt of the propriety of the practice, and have since, after consultation, refused the entry of a review upon a judgment rendered upon a writ of error.

The Court will not in future allow a review on a judgment upon a writ of error, though it had been formerly practised, and was permitted in this case:

*Note.* The Court have considered, that the right of review is derived entirely from, and must be regulated in extent by the statute.

Section 3. of the judiciary act provides, that in all civil causes, originally commenced before the County Court, either party shall have liberty to appeal from the judgment of said Court unto the first stated session of the Supreme Court of Judicature then next

Enos
v.
Boardman.

to be holden within and for the same County ; or once and no more, to review his cause at the next stated session of the same County Court, and either party shall have liberty to review his cause at the next stated or adjourned session of the Supreme Court in the same County.

Here the only cases where the right of review is given by the statute in the Supreme Court, are in such civil causes as were originally commenced before the County Court. This Court having original jurisdiction of writs of error, they are not within the purview of the statute....*Reporter*.