BRAHAN v. DEBRELL.

1. In assumpsit against endorser of a bond, that "defendant did not pay according to the tenor and effect of the writing," &c. is sufficient assignment of breach.
2. Commission to take deposition of witness issues on the affidavit of the attorney, that he believes that his testimony is material and has been informed that he resides in Tennessee; time of notice not set out by clerk, but time for taking set forth in the commission and notice given on day it issued—Deposition may be read.

JUDGE TAYLOR delivered the opinion of the Court.

THIS was an action of assumpsit by Debrell, the endorsee, against Brahan, the endorser of a bond.

It is assigned as error, that no sufficient breach is alleged in the declaration.

The declaration, after describing the bond and endorsement, and averring a demand, proceeds to state the liability and undertaking of Brahan, the endorser, to Debrell, to pay the money "according to the tenor and effect of the writing." The breach alleged is, that Brahan did not pay the said Debrell "according to the tenor and effect of

said writing." It is true that these words, when strictly applied, allege a breach of a duty which the endorser was not bound to perform; for he does not become liable until the obligor has failed to pay the bond according to its "tenor," and it is by the effect of the endorsement that the endorser is made liable. But there is no doubt but the breach would have been well laid, if the allegation had been, that Brahan had not paid the money to Debrell, omitting the words "according to the tenor and effect." &c., and I am of opinion that these words may be rejected as surplusage.

It is further assigned, that the Court erred in admitting the deposition of Wm. B. Haley to be read, as set forth in the bill of exceptions.

The dedimus appears to have issued on the affidavit of Mr Hutchinson, attorney for Debrell, stating his belief that the testimony of Haley would be material on the trial, and that he was informed that he resided in Tennessee. In the dedimus, the clerk set out the time and place for taking the deposition, but did not, as required by the statute, prescribe the notice to be given. These are stated in the bill of exceptions, and now insisted on here as the grounds on which the deposition should have been excluded.

In order to prevent injury to suitors from the mode of obtaining testimony, in which the opposite party is often not present to cross examine, which, by unfair and fraudulent practices, may be perverted in writing it down, or altered after it has been written, it has been the uniform rule in all courts to exclude a deposition where any thing required by the words of the statute, authorizing it to be taken, has been omitted. if such omission can possibly produce injury to the opposite party. But if it appear that no injury can possibly result from the omission, the courts have as uniformly determined, that it shall not exclude the deposition. Thus, if no notice be given, but the adverse party attends and cross examines, as all the benefit has been had which a notice could give, the deposition shall be read, although the statute makes no such exception.

In this case, oath was made of the materiality of the testimony of Haley, according to the belief of the affiant. In a majority of cases, this is all that could with propriety be stated on oath. The affidavit of the attorney (fo it is not the party who swears,) further states, that he is in-

JANUARY 1827.

Brahan
v.
Debroll.

formed "that the witness resides in Tennessee." If the information was incorrect, the adverse party by proving that the witness resided in this State, could have excluded the deposition, and he could not have been injured by such an affidavit being deemed sufficient.

It appears by the record, that the notice was given to Brahan on the day on which the dedimus issued. The clerk could not have prescribed a longer time for the notice than intervened between issuing the commission and the day which he had prescribed in it for taking the deposition, and it may be said that he has in effect directed the time of notice.

The Court are unanimously of opinion, that the judgement be affirmed.

M'KINLEY and HOPKINS, CLAY and M'CLUNG, for plaintiff.

CAMPBELL, KELLY and HUTCHINSON, for defendant in error.