### Amos W. Barnum vs. James McDaniels.

A bill of review may be brought, as a writ of right, for errors of law, apparent on the face of the decree.

It can only be brought, for errors of law, apparent, or for new matter proved to have been discovered since the decree.

It cannot be assigned for error, that the matters decreed were contrary to the proof, that a fact was misunderstood by the court, or that sufficient credit was not given to any of the testimony.

The decree made in the case of McDaniels vs. Barnum affirmed, on a re-hearing.

This was a bill of review, praying a reversal of the judgment and decree of the court, in the case of the defendant against the plaintiff, reported in the 5th Vol. of Vt. Reports, p. 279.

This bill recites the substance of the former bill and answer, details the evidence submitted to the court upon the

ADDISON,
January,
1834.

Barnum
vs.
McDaniels.

trial of the original cause, then states the decree made by the court, and asks a reversal of the same and the judgment, assigning errors therein, as follows :

"First, your orator, to prove the facts set forth in your orator's answer to said bill, and to show that the said contract was usurious and void, procured and relied upon the deposition of the same Joseph Rogers, mentioned in the plaintiff's bill, which deposition now in the files of this court fully proved the truth of your orator's answer to said bill, which said deposition of said Rogers was read in court, and relied on by your orator in his defence. And your orator says, that this court decided that the said deposition was not entitled to credit, and was not to be treated as evidence, because it appeared from said deposition that part had been copied from a paper furnished the said Rogers, and written by your orator, although no motion was made to said court to suppress the said deposition from this cause, nor was any objection made by the adverse counsel against reading the deposition for this cause ; by reason whereof, your orator was surprized and prevented from supplying the testimony contained in said deposition by other evidence which would have been unexceptionable."

*Phelps & Linsley for petitioner.*—1. The court erred in treating evidence which was admitted without objection as suspicious, because not taken agreeable to the rules of the court.

2. Although the court admit Rogers' testimony, it is treated as suspicious, because his name is on the note.— This is not a case where Rogers practised a fraud in putting off the note. If the usury had been between Barnum and Rogers, and Rogers had passed these securities to McDaniels without notice, and had then been called on to impeach them, the principle would be correct : But it does not apply to a case like this. Besides, the case of *Jurdain* vs. *Lashbrook,* and many others, show conclusively that the testimony of such a witness is sufficient. Does this witness stand in the situation of an accomplice to an infamous crime ? And yet in such a case it is settled, in England, that the testimony of the accomplice, unaided by other testimony, is sufficient, even in a criminal case.——2

Starkie, 299.—7 Durnford & East. 597.—1 Con. Rep. 260.—Ohio Rep. p. 405.

ADDISON,
January,
1834.

Barnum.
vs.
McDaniels.

3. If there is any moral turpitude in a usury transaction, the guilt attaches to the lender, and not to the borrower.

*Bates & Royce for petitionee.*—1. Whoever is under the necessity of bringing a bill into a court of equity on the subject of usury, can have relief only on the equitable terms of paying the sum actually due, and simple interest.—5 John. Ch. Rep. 143.

2. Although the securities in this case should be found valid, still a certain sum is admitted to be due, and the defendant is entitled to this, according to the late decisions of this court.

3. But the testimony was wholly insufficient to sustain the defence to the former bill, and we refer the court to that evidence, and the Judge's opinion upon it.

The opinion of the court was pronounced by

WILLIAMS, Chancellor.—This is a bill of review, brought to reverse a decree made at the last term of this court, in the case of McDaniels *vs.* Barnum.—5 Vt. Rep. 279.

A bill of review can only be brought for errors apparent on the decree, or upon some new matter proved to have been discovered since the decree, as a release, receipt, &c. The errors complained of, as apparent on the face of the decree, must be errors of law. It cannot be assigned for error that any of the matters decreed are contrary to the proof—that the court did not give sufficient weight to one piece of testimony, or the testimony of any particular witness, or that they laid too much stress upon another, in the opinion which they gave. A fact, misunderstood by the court, and not introduced into the decree, may be ground for appeal, but not for a bill of review.—*O'Brien* vs. *O'Conner*, 2 Ball & Beatty, 154.

Moreover, a bill of review may be brought at any time within twenty years, and if the party has performed the decree, may be brought as a writ of right. Unless, therefore, there was an error apparent in the decree, this bill must have been dismissed on that ground alone, and could not be sustained, because the chancellor who pronounced the decree gave insufficient reasons therefor, or because the

ADDISON,
January,
1834.

Barnum
vs.
McDaniels.

court did not give sufficient credit to the testimony of the witness. The causes to which we have been referred of *Blake* vs. *Cutter* in Windham county, and of *Arms* vs. *Mead* in Washington county, were not bills of review, but were petitions for re-hearing, preferred in the usual and ordinary manner, within the time limited by the rules of this court, and the practice of courts of chancery, and were heard and decided upon the principles applicable to those petitions.

In this case, we have not, on that ground alone, come to the conclusion to dismiss this bill, but have re-examined the whole case as on a re-hearing. The counsel have argued it as upon a re-hearing, and we have again examined all the testimony, and are fully satisfied with the decree made at the last term, and the reasons given therefor. No party can ask for a decree on the testimony of a single witness, procured as was the testimony of the only witness in this case. If the deposition of this witness had been taken in the usual and proper manner, it would have remained liable to all the objections which were made to it. The witness would have appeared in the same character, and the conduct of the party in obtaining the testimony would have been equally objectionable. There would still have been wanting testimony derived from such a source, that it would be safe to place full and implicit reliance thereon, on which to form a decree, taking from one man a large sum of money and giving it to another.

The members of the court were unanimous the last time in making the decree, and although there has been some change in our members, we are equally unanimous at this time in saying, that it ought not to be reversed.

The bill must therefore be dismissed with cost.