## BARTLETT & MILLER *v.* GEORGE C. FIFIELD.

In equity a bill of review is in the nature of a writ of error, and is founded upon some error in law, apparent upon the face of the decree; or, in other words, upon the bill, answer, or other pleadings, and the decree, which together, in our practice, constitute the record.

Therefore, where the cause was heard upon bill, answer and proofs, a bill of review cannot be maintained upon the ground that the proofs fail to establish the facts upon which the decree is founded.

THIS is a bill of review of a decree in Equity, in a suit in favor of George C. Fifield against Bartlett & Miller, and the nature of the case is sufficiently set forth in the opinion of the court.

*Isaac Smith,* for plaintiffs.

*Morrison, Stanley & Clark,* for defendant.

BELLOWS, J. The case as made by the original bill is that Isaac and Dustin Marshall with one McQuesten, for the purpose of defrauding Fifield, the plaintiff, of his mortgage debt against said Isaac Marshall, secured by a mortgage of his farm, induced him by false representations to discharge that mortgage and note, and to receive in lieu thereof the note and mortgage of said McQuesten for the same amount; and at the same time contriving to interpose a mortgage by said Isaac to said Dustin upon the same farm made without consideration and with intent to defraud said Fifield, and alleging that a transfer of said last mentioned mortgage was afterwards made to said Bartlett & Miller, with a full knowledge on their part that the mortgage and note were given without consideration and to defraud said Fifield.

The answers deny all knowledge of such want of consideration, or that the note and mortgage were given with intent to defraud said Fifield, and upon issue being joined proofs were taken, publication passed, and the cause heard, and a decree made in favor of the said Fifield.

To this bill of review the said Fifield demurred.

Had the hearing been had upon the bill and answer alone, the decree must clearly have been the other way, but it was upon bill, answer, and proofs, and the allegations of fraud and notice to Bartlett & Miller may have been established by the proofs.

But it seems to be well settled that a party to a bill of review is not at liberty to go into the evidence in the case to show the decree to be erroneous; but must stand upon some error apparent on the bill, answer, and other pleadings and decree. Story's Eq. Pleadings sec. 407 ; Ordinance of Lord Chancellor Bacon quoted in Story's Eq. Pl. sec. 404 ; and directly to the point is *Whiting* v. *Bank of U. S.*, 13 Peters 6, 13, 14 ; so is *Mellish* v. *Williams*, 1 Vernon, 166, where it is held that a decree cannot be reversed on review, for errors to be made out by proofs already in the cause ; for that errors in law only could be assigned, or new matter discovered since the decree made, and that with leave of court. See also, *Norris & al.* v. *Le Neve & al.*, 3 Atk. 35, where it is said by Lord Hardwick that the the ordinances of Lord Chancellor Bacon had ever been departed from since the time when they were made.

In *Barnum* v. *McDaniels*, 6 Vt. 177, it was held that it cannot be assigned for error that any of the matters decreed are contrary to the proofs.

In this case the bill of review recited the evidence in the original cause. The same doctrine is fully sustained in *Webb* v. *Pell*, 3 Paige's Ch. 371, where it is laid down that a bill of review cannot be sustained on the ground that a fact is stated in the decree as proved when in truth there was no proof to establish that fact ; and see cases there cited.

So in *Wiser* v. *Blackley*, 2 Johns. Ch. 488 ; 2 Maddox's Ch. 538 ; 3 Daniell's Ch. Pr. 1727,—8 and notes ; *Dexter* v. *Arnold*, 5 Mason, 303 ; *O'Brien* v. *Connor*, 2 Ball and Beatt. Rep. 146 ; see cases collected in U. S. Equity Dig. 530, 531.

In England the decree recites the substance of the bill, answer, or pleadings ; and also the facts upon which it is founded ; but in America, ordinarily, the decree does not recite the bill, answer, or other plead-

ings, and generally not the facts on which the decree is founded ; but with us the bill, answer, and other pleadings, with the decree, constitute what is properly considered as the record ; and therefore it is proper to say that a writ of review must be founded upon some error in law, apparent upon the bill, answer, or other pleadings and the decree.

If, therefore, the decree do not contain a statement of the material facts appearing in proof, there can be no relief by review, but only by appeal to a superior tribunal, or by petition for a re-hearing.     Story's Eq. Pl. sec. 407 ; *Whiting* v. *Bank of U. S.*, 13 Peters 6, 13, 14 ; *Webb* v. *Pell*, 3 Paige Ch. Rep. 368.     In the last case the original decree recites that the pleadings and exhibits being read and duly considered, it is declared and adjudged, &c., and the chancellor says that as he cannot look beyond the decree to ascertain what proof the chancellor making that decree, had to sustain that declaration, he is bound to suppose it was founded on legal evidence, notwithstanding the averment in the bill of review that no witnesses were examined ; as no averment can be received which is not supported by the decree itself. Upon the whole the chancellor says that he is compelled to say that a bill of review will not lie upon any errors apparent upon this decree, although he has serious doubts whether the decree could have been sustained in its present form on appeal, if entered in time.

In the case before us the decree recites, that issue was joined, witnesses examined, publication duly passed, and the cause heard, and the decree pronounced ; but without stating what facts were regarded as proved.     We are bound, however, to suppose that the allegations in the bill essential to the complainant's case were proved by legal evidence, and cannot permit the contrary to be shown by reference to the proofs in the cause. If, then, the bill makes a case entitling the complainant to the decree which was made, it is to be presumed that it was sustained by the proofs, and this bill of review cannot be sustained.

Upon a careful examination of the bill we are of the opinion that the original bill states a case if established, which entitles the plaintiff to the decree which was made, and therefore,

*This bill must be dismissed.*