HUGH J. JEWETT, receiver of the Erie Railway Company,

*v.*

SIGMUND DRINGER and another.

1. This court cannot entertain a bill of review to revise a decree entered here upon remittitur from the court of errors and appeals, reversing the decree of this court.

Jewett *v.* Dringer.

2. But this court may, upon a sufficient case being made under an original bill, give relief against the judgment of any judicial tribunal.

---

On petition for leave to file a bill of review.

*Mr. A. B. Woodruff*, for petitioner.

*Mr. Cortlandt Parker, contra.*

The Vice-Chancellor.

This case is again before this court. When heard here originally, the complainant's bill was dismissed as to both defendants (*2 Stew. 174*). From that judgment the complainant appealed, and the appellate tribunal reversed it as to the defendant Sigmund Dringer, and affirmed it as to the other defendant (*3 Stew. 291*). Since then a decree has been made in this court against Dringer, in conformity to the judgment of the court of last resort. Dringer now applies for leave to file a bill of review, for the purpose of having this court review the decree entered here upon the remittitur from the higher court. His application rests upon two grounds—fraud in the procurement of the judgment against him, and newly-discovered evidence.

---

Note.—In *Needler* v. *Kendall, Finch 468*, on an appeal from a decree in chancery to the house of lords, the appellants petitioned to be allowed to examine witnesses, but the petition and appeal were both dismissed. On a subsequent bill of review in chancery,—*Held*, that the defendants must answer or demur thereto.

In *Bleight* v. *McIlvoy, 4 Mon. 142*, an order dismissing a bill of review in a lower court, after an affirmance above, was affirmed on the ground that although such bill would lie, yet the complainant had not shown himself aggrieved by its dismissal.

In *Singleton* v. *Singleton, 8 B. Mon. 340*, a verdict of a jury on an issue out of chancery, as to the validity of a will, affirmed by the court of appeals, was held not to prevent infants, interested in the estate, and not made parties before, from filing a bill of review below, in order to set up new facts. See *Brown* v. *Keyser, 53 Ind. 85 ; Brewer* v. *Bowman, 3 J. J. Marsh 394.*

In *Bush* v. *Madeira, 14 B. Mon. 212*, an order granting a demurrer to a bill of review filed below, after an affirmance of a previous order of

Jewett *v.* Dringer.

Has this court power to give the petitioner what he asks? The solution of this question depends on the answer which must be given to another: Whose judgment is it he seeks to have reviewed—the judgment of this court, or that of the court of errors and appeals? This court may, undoubtedly, review its own judgments, and the appropriate method, to that end, is a bill of review. The judgments of all other judicial tribunals may also be impeached in this court, for fraud. *Davis* v. *Headley, 7 C. E. Gr. 115; Doughty* v. *Doughty, 1 Stew. 581.* This court will also grant relief against a judgment at law, on the ground that a fact material to the merits has been discovered since the trial (but too late to be available at law), which could not, by ordinary diligence, have been discovered before. *Mulock* v. *Mulock, 1 Stew. 15 ; Kerr on Inj. 23.* But, in such cases, the party claiming to be aggrieved must ask relief by original bill, and exhibit a case which, as an independent matter of equity cognizance, entitles him to relief. To this extent, I suppose, the judgments of every judicial tribunal of this state, whether superior or inferior, are subject to review in this court.

But the petitioner does not seek to attack the judgment in question by an original bill. He asks leave to proceed

---

the chancellor, such bill of review being applied for on the ground of newly-discovered evidence, was reversed. See *Bennett* v. *Brown, 56 Ga. 216.*

In some states, it is regulated by statute. *Parker's Appeal, 61 Pa. St. 478; Longworth* v. *Sturges, 4 Ohio St. 690; Enos* v. *Boardman, 2 Tyler 271.*

In *Lyon* v. *Merritt, 6 Paige 473,* an order of the court of appeals, affirming one by the chancellor, directing that a note should be cancelled, was held to be conclusive unless leave to apply to the chancellor for a modification had been reserved above. Also, *Utica Ins. Co.* v. *Lynch, 2 Barb. Ch. 574; Dodd* v. *Astor, Id. 395; White* v. *Atkinson, 2 Call 376 ; Price* v. *Campbell, 5 Call 115.*

In *Clayton* v. *Wardell, 2 Bradf. 1,* a decree of the surrogate as to the legitimacy of one C. A., was reversed by the court of appeals, and the cause remanded for an accounting &c.—*Held,* that an application below to furnish additional proofs as to C. A.'s legitimacy must be denied. Also, *North Carolina R. R. Co.* v. *Swepson, 73 N. C. 316.*

In *Campbell* v. *Price, 3 Munf. 227,* a mistake was made in entering a decree of affirmance by the court of appeals, the amount of the decree

Jewett *v.* Dringer.

by an entirely different method.   If the judgment sought
to be reviewed had remained in the court of errors and
appeals, and was now in course of execution there by the
process of that tribunal, I take it to be too clear for argu-
ment, that this court could not, by bill of review, revise,
change or affirm it.   Because it is remitted to this court *to
be carried into effect here,* does it thereby become subject to
the control of this court for revision, reversal or correction,
or any less the judgment of the court pronouncing it?  The
court of errors and appeals is not a court of final process,
but when a cause is finally determined there, the judgment
is remitted to the court of original jurisdiction in which
the cause originated, merely for the purpose of being car-
ried into effect.   *Gardner* v. *State, 1 Zab. 557.*   It becomes
a judgment in the court of original jurisdiction for that
purpose and no other.   With respect to causes going up on
appeal from this court, the direction of the law is, that after
the court of errors and appeals shall have finally decided
a cause, the record shall be remitted to this court, together
with a copy of the order or decree of the court of errors
and appeals, *which order or decree it shall be the duty of the
court of chancery to carry into effect (Rev. 215 § 15).*   This
court must carry such order or decree into effect according

being thereby stated to be payable in currency when it ought to have
been sterling.  On subsequent application to the chancellor, he cor-
rected the error; but, on appeal, this order was reversed.  The com-
plainant then filed a bill of review before the chancellor, both on the
original decree and subsequent order.  To this bill the defendant
demurred.  The bill of review was thereupon dismissed, and this order
of dismissal affirmed on appeal.  See *San Francisco Sav. Soc.* v. *Thomp-
son, 34 Cal. 76.*

In *Rice* v. *Carey, 4 Ga. 558,* after a decree had, a bill of review
thereon was filed, to which defendant put in a demurrer which was
overruled, and that order thereupon appealed from.  The appeal was
dismissed for want of proper parties.  The plaintiff then filed another
bill of review on the *order.*  To this the defendant filed a plea, that
since the making of the order the plaintiff had appealed, and that the
dismissal of his appeal was equivalent to an affirmance.  Plaintiff's
demurrer to this plea was overruled, an exception taken thereto, and
error assigned.—*Held,* (1) That the former dismissal was tantamount
to an affirmance.  (2) That a bill of review for error apparent on the

to its plain intent (*Snowhill* v. *Snowhill, 1 Gr. Ch. 30*); and in doing so it must confine itself strictly within its allotted sphere—which is the faithful enforcement of the command of the superior tribunal—and it must not, in any way, attempt to evade, impede or defeat such command. *Hale* v. *Lawrence, 2 Zab. 72.*

The obstacle standing across the path which this court must take to give the petitioner what he asks, seems to me to be insuperable. As already remarked, this court, under a bill of review, can only revise its own judgments. The truth of this proposition is self-evident. The judgment the petitioner seeks to have reviewed by this court, is not the judgment of this court, except for a single purpose, namely, to be carried into effect; for all other purposes it is the judgment of the court of last resort, and, as such, must be respected and obeyed by this court. It is here, not as the result of the deliberation of this court—this court reached a conclusion the exact opposite of that expressed by the present judgment—but by command of the law. Had the petitioner asked this court to proceed by bill of review to look into and revise a judgment of the court of errors and appeals, remitted to the supreme court to be carried into effect, his application would be so palpably irregular that it would be difficult not to regard it as an attempt to

face of the decree would not lie in the court below after an affirmance on appeal.

In *Winston* v. *Johnson, 2 Munf. 305*, a decree on a creditor's bill was affirmed above, and the cause remitted for an accounting. After the master's report, a bill of review was filed, because the report was taken *ex parte* [See *Galloway* v. *Galloway, 2 Baxt. 328*], and confirmed at the session following, contrary to the practice of the court, and that the decree ought not to have been against the defendants jointly. An order of the chancellor dismissing such bill, was affirmed. Also, *Haskell* v. *Rauol, 1 McCord's Ch. 22.*

In *Dennison* v. *Goehring. 6 Pa. St. 402*, an order dismissing a bill of review of a decree affirmed by the supreme court on appeal, such bill setting forth error in law appearing in the body of the decree, was itself affirmed on appeal. Also, *Grant* v. *Ludlow, 8 Ohio St. 1, 42.*

In *Southard* v *Russell, 16 How. 547*, a decree holding a certain transaction to constitute an absolute conveyance of lands, was reversed by the supreme court, which held it to be only a mortgage, and remanded the cause. Thereupon a bill of review was filed in the court below, on the

Jewett v. Dringer.

trifle with the court; and yet, such an application would be identical, in principle, with that now before the court.

This consideration alone exhibits very clearly, as I think, the manifest inability of this court, necessarily incident to its subordinate position, to do what the petitioner asks. To my mind the question is free from difficulty as a matter of primary principle. Our government, for the proper administration and enforcement of the laws, has created several different tribunals, and assigned to each certain powers and duties. Some it has made superior to others, and to the superior it has given power to supervise the action of the others. Under such a system, unless each keeps strictly within its allotted sphere, and the subordinate yield obedience to the decrees of the superior, strife and disorder must necessarily ensue, and eventually the law will be overthrown and justice defeated.

On the argument, *King* v. *Ruckman, 7 C. E. Gr. 551*, was referred to as tending in its result, if not by its argument, to give countenance to the opposite view. I do not think it is possible so to understand it. On the contrary, I understand that case to declare two propositions very plainly: First, that a case once decided in a court of last resort is, as between the parties, conclusively and forever decided;

ground of newly-discovered evidence, to impeach the character of witnesses already examined. The court below dismissed the bill, and this decree was affirmed on appeal. Also, *United States* v. *Knight, 1 Black 488; Allen* v. *Barksdale, 1 Head 238; San Francisco Sav. Soc.* v. *Thompson, 34 Cal. 76*.

In *Stallworth* v. *Blum, 50 Ala. 46*, a decree given against a defendant below, was affirmed on appeal. Thereupon he filed a bill of review before the chancellor who rendered the decree, to set it aside for fraud &c. The chancellor ordered it dismissed, and this order was affirmed, on the ground that no review below lies after an affirmance. Also, *Kinsell* v. *Feldman, 28 Iowa 497; Ryerson* v. *Eldred, 18 Mich. 490*.

While an appeal is pending on a decree, the court below cannot grant a bill of review thereon (*Willan* v. *Willan, 16 Ves. 89; Field* v. *Williamson, 4 Sandf. Ch. 613;* see *Slason* v. *Cannon, 19 Vt. 219; Terry* v. *Commercial Bank, 2 Otto 454);* but the hearing on the appeal may be stayed (*Tomlinson* v. *Tomlinson, 10 Rich. Eq. 300; Longworth* v. *Sturges, 6 Ohio St. 143);* an abandonment of the appeal estops a subsequent

and, second, that such a tribunal, in virtue of its inherent power, is entirely competent to give relief against its own judgments, if they have been procured by fraud, or are the result of misapprehension, and also to remedy mistakes and correct errors in its proceedings.

As a matter of practice, I think the question must also be regarded as settled. The only authority supporting the petitioner's view, which has come under my observation, is *McCall* v. *Graham, 1 Hen. & Mun. 13*. It was there held, by the superior court of chancery of the Richmond district of Virginia, that while a court of equity of original jurisdiction could not entertain a bill of review to revise the decree of an appellate court, for errors of law apparent on the face of the decree, it had jurisdiction, by means of a bill of review, to give relief against such decree if new evidence had been discovered. The court decided the question by simply asserting the power, without attempting to vindicate it by either argument or the citation of authority. Such a precedent can hardly be esteemed a safe guide. Chancellor Walworth, upon a similar application, reached the opposite conclusion. In *Stafford* v. *Bryan, 2 Paige 45, 47*, he said : " If this court can review, on new evidence, a decree affirmed in the court of *dernier resort*, it can also

---

application for a bill of review (*Bennett* v. *Bell, 10 Rich. Eq. 461; Hall* v. *Wolcott, 10 Mass. 218*; see *Gilchrist* v. *Buie, 1 Dev. & Bat. Eq. 346, 354; Maghee* v. *Collins, 27 Ind. 83* ; *Benedict* v. *Thompson, Walk. Ch. 446* ; *Person* v. *Merrick, 5 Wis. 231* ; *Mitchell* v. *Berry, 1 Metc. (Ky.) 602*) ; the granting of a bill of review below does not prevent an appeal (*O'Hara* v. *McConnell, 3 Otto 150*).

The court of appeals will not grant a bill of review on one of its own decrees (*Bernal* v. *Donegal, 3 Dow 133, 157* ; *Att'y-Gen.* v. *Ward, 1 Myl. & Cr. 449* ; *United States* v. *Knight, 1 Black 488* ; *Burn* v. *Poaug, 3 Desauss. 616* ; *Perkins* v. *Lang, 1 McCord's Ch. 31, note* ; *Johnson* v. *Lewis, 1 Rich. Eq. 390* ; *American Bible Society* v. *Hollister, 1 Jones Eq. 10* ; *McGregor* v. *Gardner, 16 Iowa 538* ; *Pope* v. *Pope, 4 Pick. 128* ; *Cox* v. *Breedlove, 2 Yerg. 499* ; *Wilson* v. *Wilson, 10 Yerg. 200* ; *Beazley* v. *Mershon, 6 Bush 424* ; *Costen's Appeal, 13 Pa. St. 292* ; *Lewis* v. *Morton, 6 Mon. 138* ; *People* v. *New York, 25 Wend. 252;* see, however, *Barnum* v. *McDaniels, 6 Vt. 177; Carr* v. *Green, Rich. Eq. Cas. 405; Neal* v. *Robinson, 1 Dick. 15; Wynn* v. *Wyatt, 11 Leigh 584);* but in some states such right is given by statute (*Luckett* v. *White, 10 Gill & J. 480; Pinkney* v. *Jay, 12 Id. 69; Slason* v. *Cannon,*

Jewett v. Dringer.

review a decree which has been reversed there; but I doubt the authority of the chancellor to do it in either case, unless that court has expressly reserved to him that right." *Barbon* v. *Stearle, 1 Vern. 416,* had been cited in the case just mentioned as a precedent for the right, but Chancellor Walworth held that, when properly understood, it was an authority decidedly the other way. The bill in that case, which was partly an original bill and partly a bill of review, charged the defendant with having committed a fraud to defeat the administration of justice. It alleged that the defendant had, pending an appeal to the house of lords, suppressed a very important piece of evidence by burning a deed on which the complainant's title rested, and by that means had procured a decree in his favor. It expressly disclaimed any intention to impeach the decree of the house of lords in the court of chancery, but asked the aid of that court to compel the defendant to make discovery, in order to enable the complainant, when the house of lords should be in session, to apply to it for relief. The defendant demurred. Lord Chancellor King overruled the demurrer and ordered the defendant to answer, but directed the cause to rest at that point. It is quite obvious the suit was entertained by the court of chancery merely in aid of a proceeding to be instituted in the house of lords, as soon as it should be in session, for the detection of a fraud alleged to have been perpetrated to obstruct justice.

The case presents merely a question of method. The petitioner asks this court to review, by means of a bill of

---

*19 Vt. 219; Bowditch Ins. Co. v. Winslow, 3 Gray 415; Elliot v. Cochran, 1 Cold. 389; Longworth v. Sturges, 4 Ohio St. 690, 6 Id. 143).*

Another bill of review cannot be granted after one allowed or dismissed (*Denny* v. *Filmer, 2 Ch. Cas. 133, 1 Vern. 135; Pitt v. Arglasse, 1 Vern. 441; Strader v. Byrd, 7 Ohio 330; Coen v. Funk, 26 Ind. 289; Alexander v. Smith, 4 Sm. & Marsh. 258; Respass v. McClanahan, Hard.* (*Ky.*) *342;* see *Moss* v. *Baldock, 1 Phil. 118; Burrell v. Burrell, 10 Mass. 221*).

The case of *Stafford* v. *Bryan, 2 Paige, 45,* which criticises *Barbon* v. *Stearle, 1 Vern. 416,* is itself criticised in *Longworth* v. *Sturges, 4 Ohio St. 715.*—REP.

review, the judgment of the court of errors and appeals; in other words, he asks this court, by a proceeding purely supervisory in its character, to determine, upon certain new facts he proposes to put in evidence, whether the judgment of the court of errors and appeals is right or not. That, I think, this court is not authorized to do. But this conclusion does not leave the petitioner remediless, if he has really suffered a grievance which this court is competent to redress. This court will be open to him whenever he can come here with an original bill, exhibiting a state of facts which renders it plain that it will be against conscience and right to let his adversary execute his judgment, and that it was not possible for him, by the exercise of ordinary care and diligence, to have discovered those facts sooner. Equity delights to relieve the victims of fraud, accident and mistake, but they must seek its aid in the methods appointed by law.

The petition must be dismissed, with costs.