# Fitzpatrick *v.* Bank of Montgomery.

*Action upon a Promissory Note.*

1. *Action upon promissory note; sufficiency of complaint.*—In an action upon a promissory note signed by two parties, where it is averred in the complaint that the sum of money sued for was due from the defendants "by their promissory note [describing it], and by them endorsed to the plaintiff," and "that said defendants on said note waived any and all right to claim exemptions," etc., such complaint is not subject to demurrer upon the ground that it does not allege that the note sued on was executed, or that the same was indorsed by the defendants, and that they waived their exemptions, etc.; the complaint in such case averring with reasonable certainty to a common intent each of the matters objected

[Fitzpatrick v. Bank of Montgomery.]

to on demurrer, which was all that was necessary.

2. *Deposition of absent witness; when affidavit sufficient to author-ize the issuance of commission.*—When an affidavit made by attorney of a party to a suit, preliminary to the taking of the deposition of the absent witness, states that the affiant "is informed and believes" that the said absent witness is a material witness for the plaintiff in said cause, such affi-davit is sufficient under the statute (Code, § 1834), to author-ize the issuance of a commission to take the deposition of said absent witness.

3. *Action upon a note; argument of attorney to jury.*—In an action upon a promissory note, where it is shown that the note sued upon was in renewal of other notes executed to the plaintiff by the defendant, who was a married woman, and there was evidence for the defendant tending to show that she signed the note sued on and those for which it was a renewal as surety for her husband; while the plaintiff's evidence was to the effect that the debt evidenced by the note was that of the defendant, a statement by the plaintiff's attorney in his argument to the jury that "the notes for which the one sued on was given in renewal, are presumed to be in the hands of the defendant * * * and the fact that she does not produce them, can be considered by you as a fact in evi-dence against her," asserts an incorrect proposition of law and should, upon motion of the defendant, be excluded.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action originally brought by the Bank of Montgomery against May S. Fitzpatrick and R. A. Fitzpatrick; and counted upon a promissory note. The cause was discontinued as to R. A. Fitzpatrick, who was not served with process. The averments of the complaint and the demurrers thereto are set forth in the opinion. The defendant pleaded the general issue, and by special pleas that the debt for which the note was given, was money borrowed from the plaintiff by R. A. Fitzpatrick, the husband of May S. Fitzpatrick, and that she signed the note as surety for her husband. The plaintiff proved the execution of the note, and intro-duced it in evidence.

The evidence of the defendant tended to show that the note sued on was given in renewal of the note that

had been formerly given by the defendant and R. A. Fitzpatrick to the plaintiff, and that the defendant, May S. Fitzpatrick, signed the note sued on and those for which it was a renewal, as surety for her husband, and that the debt evidenced by said note was her husband's debt.

The evidence for the plaintiff was in conflict with this evidence, and tended to show that the note was given by May S. Fitzpatrick for money borrowed by her from plaintiff, and that the husband signed the note as evidencing his assent to his wife's execution thereof. Before the trial the defendant moved to quash the deposition of J. W. Hamer, a witness for the plaintiff, upon the ground that the affidavit asking for the issuance of a commission to take the deposition of said witness did not comply with the requirements of the statute, in that it was stated in said affidavit that "the affiant is informed and believes that said Hamer is a material witness for plaintiff in said cause," while the statute requires the affidavit to be made that the "witness is a material witness for the party desiring his testimony." The affidavit referred to was made by the attorney for the plaintiff, and was as follows: "Personally appeared James E. Webb, who is the attorney for the plaintiff in the above stated cause wherein he has filed interrogatories to one J. W. Hamer, and who being duly sworn says that affiant is informed and believes that said Hamer is a material witness for the plaintiff in said cause, and that said witness resides in the city of Philadelphia, Pennsylvania, and not in the State of Alabama." This affidavit was signed by James E. Webb, Esq., and sworn to before the clerk of the city court of Birmingham. The motion to quash the deposition of the witness Hamer was overruled, and the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

JOHN H. MILLER and D. B. ANDERSON, for appellants, cited *Borgia v. Darden*, 45 Ala. 269; *Reese v. Beck*, 24 Ala. 651; *B. Un. R. Co. v. Alexander*, 93 Ala. 133; *Crawford v. State*, 112 Ala.1; *Bates v. Morris*, 101 Ala. 282; *Jackson v. State*, 77 Ala. 18; *Scoville v. Baldwin*, 27 Conn. 316; Lawson on Presumptive Evidence, 120, *et seq.; Patton v. Rambo*, 20 Ala. 485; *Carter v. Chambers*, 79 Ala. 223; *Pollak v. Harmon*, 94 Ala. 420; *Ethridge v. State*, 124 Ala. 106.

JAMES E. WEBB, *contra*, cited *Borgia v. Darden*, 45 Ala. 259; *Reese v. Beck*, 24 Ala. 658; *Bir. Un. R. Co. v. Alexander*, 93 Ala. 133.

HARALSON, J.—1. The complaint was originally against May S. and R. A. Fitzpatrick, for a sum of money "due from them by their promissory note," (describing it) and "by them indorsed to the plaintiff," etc. It is further averred "that said defendants on said note waived any and all right to claim an exemption, and also agreed and promised to pay 10 per cent. of the principal and interest as attorney's fees on event that said note is not paid at maturity," etc. The cause was discontinued as to R. A. Fitzpatrick, who was not served. A demurrer was interposed by May S. Fitzpatrick to the complaint, on the grounds in substance, that it did not allege that the note sued on was executed, or that the same was indorsed by her, or that she therein waived her exemptions, or agreed to pay a reasonable attorney's fee for its collection etc. The demurrer was properly overruled. The complaint avers with reasonable certainty to a common intent, each of the matters excepted to on demurrer, which was all that was necessary.— *Louisville & Nashville Railroad Co. v. Hall*, 91 Ala. 112, 117; 6 Ency. Pl. & Pr. 248.

If the note was not executed by defendant, it was very easy for her to have interposed her plea of *non est factum*, which she did not do. She swore, moreover, on the trial, that she executed the note.

2. The deposition of J. W. Hamer, a non-resident of the State, was taken by plaintiff. The preliminary affi-

[Fitzpatrick v. Bank of Montgomery.]

davit for the taking of the deposition was made by plaintiff's attorney, under section 1834 of the Code, providing that "The party desiring to take such deposition, his agent or attorney, must make affidavit before the clerk of the court, or any officer authorized to administer oaths, setting forth one of the causes [enumerated in section 1833] for taking such deposition, and that the witness is material," etc. The affidavit of the attorney states, that he was the attorney for plaintiff in the cause, and that "he is informed and believes that said Hamer is a material witness for plaintiff in said cause" etc.

This affidavit was altogether sufficient. It states the materiality of the witness on the information and belief of the affiant. Generally, this is all that could with propriety be stated on oath. It could not be held that the attorney authorized to make the oath, should swear absolutely of his own personal knowledge, that the witness was material, else, in the great majority of cases, he could not make it at all, and the party taking the deposition, even, might not be able to do so. Such a technical construction of the statute is not in the interest of justice.—*Brahan v. Debrell,* 1 Stew. 14; *Reese v. Beck,* 24 Ala. 651, 658; *Borgia v. Darden,* 45 Ala. 259.

3. The note sued on was in renewal of other notes executed to plaintiff by the defendant. In addressing the jury plaintiff's attorney stated in argument: "The notes for which the one sued on was given in renewal, are presumed to be in the hands of defendant, May S. Fitzpatrick, and the fact that she does not produce them can be considered by you as a fact in evidence against her." The defendant objected to the remarks, on grounds that they were irrelevant and immaterial; were outside of the record; that it was not shown that defendant ever had said notes or knew anything of them, and that it was calculated to prejudice the minds of the jury. The objections were overruled. The remark of counsel was his statement of what the law of the case in this aspect of it was, based on the fact, that defendant had not produced the original notes of which the

one sued on was a renewal. If the legal principle stated was correct, the ruling of the court was also correct. But if incorrect, the refusal of the court to exclude it, on objections raised as to its legal pertinency, was tantamount to an instruction that the principle announced was a correct proposition of law. The point in issue, to which counsel was referring was, whether the note in suit was the individual undertaking of defendant, or whether it was the debt of her husband, and she had signed it merely as his surety. The evidence shows, that this note was for the renewal of older ones for the same debt. The plaintiff offered in evidence the note, signed as stated, by May S. Fitzpatrick and R. A. Fitzpatrick, who was her husband. Her name thus appears to have been first signed; but, the order in which the makers sign a promissory note, of itself raises no presumption of the relation of principal and surety between them.— *Summerhill v. Tapp,* 52 Ala. 227. The evidence of the plaintiff tended to show, that the defendant was the principal obligor in the note, and that for defendant, that her husband was the principal debtor, and she signed the note as his surety merely. If it be true, as contended by plaintiff, that the law presumed, when she gave this note, that the other renewed notes were surrendered to her by plaintiff, of what avail is that fact, as one to be urged against her, on the issue being discussed? There is no presumption, in the absence of evidence to the contrary, that the notes,—the ones renewed and the other given in their place,—were not alike, as to makers and parties, and what they showed on their face as to their relations. We are at a loss to discover of what avail against defendant, and in favor of plaintiff, the non-production of the renewed notes had, so that counsel would be justified in urging the fact of their non-production, as one the jury could consider as a fact in the case as evidence against defendant on the question of her suretyship. It is urged by counsel for plaintiff, that if defendant had produced the other notes, it might have appeared her name was signed first on them, but that fact, as we have seen, without more, would not prove her suretyship. Furthermore, as to that matter, her

name appeared first on the note sued on, and the defendant, being present in court and examined as a witness in her own behalf, was not questioned by plaintiff as to the contents of the former notes, nor had she been notified to produce them. The legal principle announced by counsel, which the court refused to exclude on objection and exception of defendant, was incorrect, and calculated to prejudice the jury against her. For this error, the judgment must be reversed and the cause remanded.

Reversed and remanded.