RED RIVER COUNTY BANK v. JAMES C. HIGGINS.

No. 2354.

1. **Claims Against Estates.**—A mere creditor of an estate, whether such by virtue of his ownership either of a legal or equitable claim, can not maintain an action for its enforcement against the administrator until after its presentation duly authenticated for allowance.

2. **Right of Action.**—A creditor who is entitled by reason of absolute ownership to a specific fund in the custody of an administrator, which is claimed by the administrator as estate assets, may maintain an action for its recovery without first presenting it for allowance in due course of administration when the fund is claimed not through the estate of the decedent but adversely to it.

3. **Equitable Lien.**—An agreement whereby a third party advances money to a contracting builder to carry out his contract, it being agreed that the borrower shall execute to the lender a written power to collect the contract price for building from the owner of the structure, confers on such third party as between the parties an equitable lien to repay advances on the amount due the builder for his work, and this though the written power to collect was never executed. Equity regards that as having been done which was agreed to have been done.

4. **Same.**—Such a lien, even had it become a legal lien by the execution of the written contract, would be subordinate to the liens of material men and mechanics fixed under the statute.

APPEAL from Red River. Tried below before Hon. D. H. Scott.

*Sims & Wright* and *H. D. McDonald,* for appellant.

*Chambers & Doak, Hale & Burdett,* and *Maxey, Lightfoot & Denton,* for appellees.

STAYTON, CHIEF JUSTICE.—P. C. Livingston made a contract to erect for Joseph Brittan two houses, for which he was to receive payment by installments as the work progressed.

Livingston commenced the work and received two installments, and had performed enough of the contract to entitle him to have the third installment paid, when he died.

The appellee, Higgins, was appointed administrator of his estate a few days after his death, and proceeded to complete the erection of the buildings.    The houses were completed and accepted by Brittan on March 1, 1887, and on the next day, for the benefit of the estate represented by him, the administrator, for the purpose of fixing the mechanics' lien, filed in the office of the county clerk the papers necessary for that purpose.

The balance then due under the contract amounted to $3687.25, and to enforce its payment through a foreclosure of the lien the administrator, on March 11, 1887, brought this suit against Brittan.   When this was done Brittan caused the appellant and many others who were asserting a right to the fund to be made parties.   Some of the persons thus made parties filed pleadings in which they asserted liens by reason of having performed labor and furnished material used in the erection of the buildings.

Appellant claimed that the contract in writing, made between Livingston and Brittan, was assigned to it under an agreement that it should furnish Livingston with money as needed to enable him to erect the buildings, and that under this contract Livingston had received $4020, which was unpaid to the extent of $2820.06.   It also claimed that the mechanics' lien to which Livingston was entitled also passed by the assignment.

Some of the parties made defendants, other than appellant, asserted liens by reason of having labored or furnished material used in the construction of the houses, and in their pleadings attempted to show the existence of the indebtedness of Livingston to them severally, its origin, and that the acts had been by them severally performed that were necessary to establish the liens claimed.   They also alleged that they had presented their several claims, duly authenticated, to the administrator for allowance, and that he had rejected them.

The administrator seems to have been one of the persons who was made a defendant in his individual capacity by Brittan, and his claim seems to have been sworn to as required by the statute.

On the trial the plaintiff and all the defendants asserting liens except the appellant entered into and filed a written agreement admitting that Brittan was indebted to the estate of Livingston, as claimed, in the sum of $3,687.25, which he paid into court.

The court, after overruling demurrers filed by appellant which questioned the sufficiency of the pleadings to entitle the administrator or any of the other defendants to have declared and foreclosed the liens claimed by each, heard the case as between the appellant and all others on the claim that the contract between Livingston and Brittan had been assigned to it, and on the facts found that no such assignment was made.

After this, in pursuance of an agreement made by all persons who

were asserting a claim except the appellant, a judgment was entered by which the money paid into court was distributed among the parties to the ageeement pro rata, their claims aggregating more than that sum.

There are a few considerations that are decisive of this appeal, and it does not become necessary to consider the assignments of error based on the action of the court below in overruling the demurrers filed by appellant.

If the appellant was the owner of the fund in the hands of Brittan, through an assignment as alleged, then he could maintain an action against the administrator or any other person who interfered with his right, by reason of the fact that in such case he would not claim through the estate of Livingston, but adversely to it.

If it was not the owner but merely a creditor of the estate of Livingston, then appellant had no standing in court against the administrator, not having authenticated, presented, and had rejected his claim; and this would be so if, being a creditor, it had an equitable lien on the fund.

Appellant seeking to recover as owner of the fund, must in this case recover in that character or not at all; for it is neither seeking nor in position to assert any right as a simple or lien creditor of the estate of Livingston.

The court below found that Livingston did not make the assignment of the fund as alleged by appellant, and this finding, if sustained by the evidence, is conclusive between the administrator and appellant.

We are satisfied that the evidence sustains the finding; but it may be sufficient to show that Livingston did make an agreement to assign the contract between himself and Brittan to appellant so as to give the latter the right and power, as between themselves, to collect the money as it should become due in order to meet the advances the bank might make to him under the agreement.

If this agreement had been carried out and the contemplated paper executed, the effect of this would have been only to give to appellant a lien on the fund in the hands of Brittan and power to collect from him, as between themselves and Livingston, so far as was necessary to meet advances made by the bank. It was intended only as a security and would have given power to collect.

It seems to us that, as between the appellant and Livingston, the failure of the latter to execute the contemplated paper ought not to affect the right of appellant to a lien on the fund, so far as necessary to repay advances made on the faith of the agreement and still unpaid, for equity looks upon that as done which ought to have been done.

As stood the matter, as to the right, between appellant and Livingston, so stands it between the former and the representative of the latter.

It does not follow from this, however, that in this action, in which appellant is seeking to obtain a judgment against Brittan alone and to fore-

close a lien on his property to secure it, it can be heard to assert any claim against the estate of Livingston as a creditor.

Appellant not showing itself to be the owner of the fund, or any part of it, can not question the right of the administrator of Livingston's estate to enforce payment of it to himself.

If appellant was seeking to enforce a claim against the estate, which had been rejected, and on which, for this reason, he was entitled to sue, brought into the case as was it and others by the debtor to the estate, we see no reason why it might not controvert the right of any other defendant to have a part of the fund.

In such case, all parties being before the court for the protection of its own right, we do not see but appellant would have the right to controvert the validity of a claim asserted by any other one as a creditor, or to controvert the existence of a lien to secure an admitted debt.

Appellant, however, does not stand in this case as a creditor of Livingston's estate, seeking in the mode provided by law to establish his debt and lien to secure it, but stands claiming as owner a specific part of the fund in court.

Failing to establish such a claim and not asserting or being in position to assert any other in this case, appellant has no right to have a revision of the judgment rendered between the other parties.

Cases may arise in which one claiming to be a creditor of an estate who has not established his claim in either of the modes prescribed by law may become entitled to equitable relief looking to the preservation of the estate or the prevention of its misappropriation, but no such case is made by the appellant.

The judgment will have to be affirmed, and is conclusive of the fact that the contract between Livingston and Brittan was not assigned to appellant, and of the further fact, as a sequence, that appellant is not entitled to any lien under the statutes regulating liens in favor of mechanics, artisans, laborers, and material men, for these were the issues made by appellant.     It relieves Brittan from further liability.

If appellant has a lien on the fund in court, this grows out of the facts that it is a creditor of the estate of Livingston and the agreement under which it furnished him with money.

If appellees, claiming liens, had established liens, those were superior to any appellant could assert, even if it had shown a valid absolute assignment of the rights growing out of the contract between Brittan and Livingston, for such lien holders must hold claims superior to any Livingston or the administrator on his estate could assert, and the assignee, as against such persons, could not assert a right superior to that held by the person from whom he derived his right.

As appellant, however, was brought into the case by the original defendant, and was not in position to establish in this case either its claim

against the estate of Livingston with lien to secure it, nor to controvert the liens asserted by others, we are of opinion that the judgment should be affirmed, without prejudice to the right of appellant, if it has or may legally establish its claim against the estate, to controvert the claim of lien set up by appellees.

The judgment will be so affirmed without prejudice.

*Affirmed without prejudice.*

Opinion November 20, 1888.

[Justice Gaines did not sit in this case.]