## SCHEPPS v. WILKINS. (No. 9696.)

(Court of Civil Appeals of Texas. Dallas. Jan. 15, 1927.)

**1. Executors and administrators ⬥430—Administratrix held not liable in representative capacity for negligence in carrying on decedent's business.**

In action for injuries from collision with automobile truck, used by personal representative in carrying on deceased's business, administratrix *held* not liable in representative capacity, as estate of decedent cannot be charged with liability for torts of representative, such liability being personal.

**2. Executors and administrators ⬥119—Estate of decedent is not liable for torts of representative.**

Estate of decedent cannot be charged with liability for tort of decedent's representative, as liability of executor or administrator therefor is personal.

**3. Pleading ⬥8(2)—Allegation that widow was community survivor held legal conclusion.**

In action against wife of decedent as his administratrix, for injuries resulting from negligence in carrying on deceased's business, allegation that widow was community survivor *held* mere legal conclusion, where unsupported by statement of facts.

**4. Appeal and error ⬥1175(1)—Judgment erroneously entered against administratrix in representative capacity for negligence should not be reformed and rendered against administratrix personally, in absence of clear showing of liability.**

In action for injuries against personal representative in representative capacity for tort committed by her in carrying on deceased's business, where judgment of trial court was

erroneously entered in plaintiff's favor, such judgment should not, on appeal, be reformed and rendered against representative in personal capacity, in absence of showing that administratrix was sole owner of truck causing injury or of business in which truck was used.

**5. Appeal and error** ⊚⟿1177(2)—**Where, in action for injuries, judgment was erroneously entered against administratrix in representative capacity, case should be remanded, where evidence indicated possible personal liability (Rev. St. 1925, arts. 1856, 2181, 2182).**

Where, in action for injuries, judgment was erroneously entered against administratrix carrying on deceased's business, in her representative capacity, on appeal, judgment should not be reversed and rendered in defendant's favor, but should be remanded, where evidence was such that jury might on another trial 'find administratrix was liable personally for injuries, in view of Rev. St. 1925, art. 1856, providing for rendition on reversal except when necessary facts must be ascertained, and in view of plaintiff's opportunity, in case peremptory instruction had been given, to reopen case, under article 2181, resting in court's discretion, and right, under article 2182, to nonsuit in case reopening was denied.

**6. Property** ⊚⟿5½—**Cause of action for injuries is property right.**

Cause of action created by another's negligence is property right of person injured.

**7. Appeal and error** ⊚⟿1177(6)—**Statute providing for rendition of judgment on reversal, except where facts remain unascertained, authorizes remanding where necessary evidence was not fully presented (Rev. St. 1925, art. 1856).**

Rev. St. 1925, art. 1856, providing that on reversal court shall render such judgment as lower court should have rendered, except when it is necessary that some matter of fact be ascertained, *held* to authorize remanding of case where determination of lower court was not based upon such development of party's rights that full and fair hearing was accorded.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Jeff Wilkins against Mrs. Jennie Schepps, administratrix of the estate of Joe Schepps, deceased. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Miller & Godfrey and George Sergeant, all of Dallas, for appellee.

VAUGHN, J. Appellee, Jeff Wilkins, instituted this suit in the court below, as plaintiff, against appellant, Mrs. Jennie Schepps, individually and in her capacity as administratrix of the estate of Joe Schepps, deceased, as defendant, to recover damages alleged to have been sustained by reason of certain personal injuries received by appel-

lee on the 15th day of March, 1924, as the result of a collision between an automobile truck, owned and operated by appellant, and a wagon, then owned and driven by appellee. Of the several pleas contained in appellant's answer, it is only necessary, for the purpose of disposing of this appeal, to note that same contained a general denial. The case was tried to a jury and judgment rendered on the 5th day of June, 1925, for appellee against appellant, as administratrix of the estate of Joe Schepps, deceased, for $2,645, with interest from June 5, 1925, at the rate of 6 per cent. per annum.

[1, 2] Appellee's petition, upon which the cause was tried, alleged that the accident occurred on March 15, 1924, that Joe Schepps died April 9, 1922; that Jennie Schepps, at the time of the accident, was the sole owner of the bakery whose truck was alleged to have been involved in the accident. The evidence introduced upon the trial of this cause excluded the possibility of the decedent, Joe Schepps, being connected with the accident, upon which appellee based his right to recover, either directly or by inference. The allegations as to the date of the accident and the date of the death of Joe Schepps, the basis of appellee's cause of action being a tort alleged to have been committed by Jennie Schepps in her representative capacity after the death of Joe Schepps, was sufficient to exclude the idea that the estate of Joe Schepps, deceased, could be made responsible, or that any liability ever attached thereto on account of the alleged tort. The generally recognized rule of law, covering liability for torts so committed, is that the estate of the decedent cannot be charged with liability for tort of the representative, but that his liability thereon is personal. Able v. Chandler, 12 Tex. 88, 62 Am. Dec. 518, 24 C. J. 741, from which we quote as follows:

"For torts committed by a personal representative, while acting in his representative capacity, he must in general be sued in his individual capacity, and not in his representative capacity."

And from page 737, Id.:

"The general rule is that no action will lie against an executor or administrator in his representative character, except upon some claim or demand which existed against decedent in his lifetime, and that, if a claim or demand wholly accrued in the time of the executor or administrator, he is liable therefor only in his personal character."

The cases cited by appellee in support of the judgment are within well-recognized exceptions to the above rule, viz., in Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627, the tort committed, which was made the basis for the right to recover, was incident to the carrying out of the express in-

structions in the will, and, as a matter of common justice, no personal liability could be made to attach to the executor for having complied with the directions which represented the will of him whose estate he represented, as he was but discharging the trust imposed upon him by the terms of that instrument. The facts in the case of Schmitt v. Jacques, 26 Tex. Civ. App. 125, 62 S. W. 956, created a case within another well-established exception, viz., that the estate is responsible for property converted by the administrator to the benefit of the estate. This case is not within either one of the exceptions to the general rule announced in the above decisions.

[3] Appellee alleged that appellant was the independent executor of Joe Schepps, deceased, and the sole owner of the truck alleged to have collided with appellee's horse-drawn vehicle. If she was the sole owner, as alleged, then she alone and not others, who had no interest in the property, must respond for her acts as such sole owner. The allegation that she was community survivor is but a legal conclusion, in conflict with the facts alleged, there being no facts alleged to support the allegation that appellee was, within the meaning of the law governing the estates of decedents, the survivor in community of the community estate of herself and deceased husband, Joe Schepps. The allegation that Mrs. Jennie Schepps was the executor of the estate of Joe Schepps, deceased, not having been specially denied, was admitted. The proof of this fact thus made was of no moment, in view of the fact that, under the allegations upon which appellee based his right to recover and proof made thereunder, no recovery could be had against the appellant in her representative capacity.

[4] Appellee advanced the proposition that, in the event it should be held that the court erred in rendering judgment against appellant in her representative capacity, then the judgment of the lower court should not be reversed, but reformed and rendered against appellant personally. This position cannot be maintained because the evidence introduced wholly failed to show that appellant, at the time of the accident, was the sole owner of the truck, or the owner of the bakery whose truck was shown to have been involved in and responsible for the accident and resulting injuries to appellee.

[5] The evidence, however, does establish that a collision did occur between an automobile truck and appellee's horse-drawn vehicle at the time and place, and that he received injuries, as alleged by him, and that said truck was owned and controlled, and in the use of, and driven by an employee of, a business institution known as Schepps Bakery, in Dallas, Tex. Therefore it is apparent from the record that there is evidence available by which a material fact, viz., the ownership of the truck, can be established. Should this case be reversed and remanded, or reversed and rendered, under the terms of article 1856, R. C. S. 1925? That such judgment should be rendered by this court, as the court below should have rendered if the record disclosed that the case had been fully developed, there can be no question. Said article 1856 provides:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained."

Was it intended by the Legislature, in adopting this measure, that valuable rights of litigants should be foreclosed by a conclusion reached in the course of a judicial proceeding, regardless of the fact that such determination was not based upon such a development of the rights of the parties that a full and fair hearing was accorded them? This we will undertake to answer.

[6] The evidence, viewed from the standpoint of appellee, established that a collision occurred through which he sustained injuries, as alleged by him, whereby a cause of action, which is a property right, was created in his favor. It further established that some one was responsible for this, at least, prima facie. While the evidence did not establish who was the owner of the truck, yet same indicated that appellant might be the owner thereof, at least, to the extent of inducing the trial court to believe that such ownership had been sufficiently established to justify that issue to go to the jury. On the presentation by appellant of her request for a peremptory instruction in her favor, if the trial judge had, as he should have done, announced that he would, or had he given same, appellee could have, under the authority of article 2181, R. C. S. 1925, "at any time before the conclusion of the argument," requested the right to reopen the case for the purpose of introducing evidence on the overlooked issue, and if this request had been refused—the granting of it resting in the sound discretion of the court—appellant could have, under article 2182, Id., taken a nonsuit at any time before the jury retired and refiled his suit, on the trial of which the omitted evidence as to the ownership of the truck that figured in the alleged tort could have been introduced. We do not think it would be in keeping with a sane and just administration of the law to permit the error of the trial court, which undoubtedly contributed to produce the situation that appellee now finds himself in, to deny him further opportunity to fully develop his case on the facts, to the end that a final adjudication should be had under a full, fair, and complete hearing of all the evidence bearing up-

on the rights of the parties. Therefore it occurs to us that appellee should have a further opportunity to protect his rights, notwithstanding that, perhaps, through inadvertence, there was a failure to introduce all the evidence available to him on the first trial.

[7] We have reached the conclusion that a proper application of the provisions of article 1856, supra, in the end of substantial justice, warrants this court in remanding this cause for further proceedings, rather than rendering a judgment bringing it to a final determination without a full and complete presentation of the evidence necessary to fully develop appellee's cause of action. Sovereign Camp Woodmen of the World v. Emily J. Patton et al. (rendered November 13, 1926) 290 S. W. 237, not yet [officially] published; A. M. Rogers et ux. v. Jas. Alexander et al. (rendered November 13, 1926) 289 S. W. 1070, not yet [officially] published; Saner Whiteman Lbr. Co. v. Railway Co. (Tex. Com. App.) 288 S. W. 127.

It is therefore ordered that the judgment of the court below be and the same is hereby reversed, and this cause remanded for further proceedings.

Reversed and remanded.