## BROADLAND v. CITY NAT. BANK OF CORPUS CHRISTI. (No. 8111.)

Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1929.

Rehearing Denied March 27, 1929.

W. E. Pope, of Corpus Christi, and H. S. Bonham, of Beeville, for plaintiff in error.

E. B. Ward, S. Eldon Dyer, and Wm. Sutherland, all of Corpus Christi, for defendant in error.

FLY, C. J. Defendant in error sought a recovery against plaintiff in error on five promissory notes, one for $500, dated September 2, 1926, one for $1,100, dated August 13, 1926, one for $1,000, dated May 28, 1926, two for $2,000 each, one dated July 1, 1926, and the other dated July 23, 1926, each and all of said notes due on demand, and each bearing interest at 8 per cent. per annum, except the note for $500, which bears 10 per cent. interest; the whole of the principal of the five notes aggregating $6,600. In an amended petition defendant in error sought a recovery not only on the five notes described, but also on a note for $5,000 dated June 11, 1926, with interest at 8 per cent. and due on demand, and also alleged that the six notes were secured by a deed of trust on lots 3, 4, 5, and 6 of block No. 1 of the J. D. Bernard tract, in the city of Corpus Christi, and prayed for a foreclosure of the lien. Plaintiff in error pleaded that he was a married man, and that he and his wife, Laura Broadland, claimed that lots 3 and 4 constituted their homestead, and pleaded nonjoinder of his wife, which was overruled by the court. The court instructed a verdict in favor of defendant in error, and in obedience thereto the jury found in favor of defendant in error for the amounts evidenced by the six notes and for a foreclosure of the lien. Judgment was rendered in favor of defendant in error for the sum of $14,384.06, principal, interest, and attorney's fees and for foreclosure of the lien given in the deed of trust on lots 3, 4, 5 and 6 in block No. 1 of the J. D. Bernard tract, situated within the city of Corpus Christi, and also foreclosed an attachment lien obtained by defendant in error on the partnership interest of plaintiff in error in the partnership known as the Southern Import & Export Company of Dallas, Tex.

Plaintiff in error admitted that he owed the debt evidenced by the six notes sued on, that he executed the deed of trust on the lots, that he did not claim the property as his homestead at that time, but signed an instrument in writing designating other property as his homestead. He and his wife did not live in the apartment that he had built on the lots, but he moved into the apartment after he had executed all the notes and deed of trust and made that move upon the advice of an attorney. The last note was dated September 2, 1926, and he moved into the apartment on September 20, 1926, when advised to do so by his attorney. The deed of trust described no indebtedness except the $5,000 note. The president of the bank swore that plaintiff in error was giving a deed of trust to secure the $5,000, the $1,000 debt "and any other indebtedness that he might owe us." There was no provision for future indebtedness in the deed of trust. Plaintiff denied having made any oral agreement to include future loans in the deed of trust. He swore: "I gave that deed of trust for this $5,000.00. I didn't have any idea of securing any more, although I got $6,000.00 after that. I think it was up to the bank to secure themselves, it was not up to me to come and say to have another deed of trust for this. The bank ought to have demanded it themselves if they wanted it."

■ The court did not err in overruling the plea of nonjoinder of his wife pleaded by plaintiff in error, if the last expression of the Supreme Court through a branch of the Commission of Appeals, in Martin v. Astin, 295 S. W. 584, be correct, as it is there held that the wife is not a necessary party, where her homestead is involved, even though the husband had been guilty of fraudulent conduct, to which his wife had not been a party, in connection with the homestead. It is held that, although the wife would not be bound by an adverse judgment in such a case, still she could enjoy any benefits arising from the husband's efforts in defense of the home. The decision is broad enough to include all defenses of the husband of the homestead, although in previous cases by the Supreme Court the rule had been qualified as stated in the case of Cooley v. Miller, 228 S. W. 1085, by the Commission of Appeals, as follows: "In determining whether the wife's homestead interest alone renders her a necessary party to an action affecting property impressed with the homestead exemption, the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit"—citing Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496, and a number of decisions by Courts of Civil Appeals. Under the circumstances it would perhaps be a safe course to make the wife a party to the suit on another trial. That would remove all difficulties as to nonjoinder, without injury to any one. Of course, the propriety or necessity of joining the wife could not arise from a deed executed to her by her husband long after this suit was instituted. If she had any homestead interests, they must have been in existence prior to the execution of the deed of trust by her husband. The evidence as to homestead rights in the apartment being erected largely with money advanced by defendant in error is unsatisfactory, but, as under the law plaintiff in error could claim a homestead in an apartment house, the issue as to the homestead was one of fact which should have been submitted to the jury.

■ Only $5,000 was secured by the deed of trust on the lots, and yet the terms of that instrument were sought to be and were extended by oral agreements so as to include more than double the amount named in the deed of trust. It is not claimed that there was a mutual mistake in drawing the deed of trust, and indeed the testimony failed to show any mutual mistake, and no reformation of the instrument was sought to make it conform to the wishes of the parties concerned. However, if all necessary allegations had been made to justify the proof, the question of intention to include other sums than those named in the deed of trust was a question of fact, and should have been submitted to the jury. In the cases cited by defendant in error as sustaining his right to amplify and extend the deed of trust by parol proof, it is treated as a question of fact, as it necessarily must be. Red River County Bank v. Higgins, 72 Tex. 66, 9 S. W. 745; Kirkpatrick v. Great American Insurance Co. (Tex. Civ. App.) 299 S. W. 943; Glenn v. Seeley (Tex. Civ. App.) 61 S. W. 959. The equitable lien sought to be established by defendant in error depended on the facts, and, those facts being in conflict, the jury alone had the authority to pass on them.

■ Defendant in error knew that plaintiff in error might properly claim an intention to make the apartment a homestead, and sought to avoid that contingency by obtaining a designation of another lot by plaintiff in error as a homestead. If that designation was made in good faith it would bind the wife.

■ In Texas actual occupancy of land is not absolutely essential to impress property with the homestead character, but property may become a home by intention when such intention is accompanied by unmistakable acts that evidence the designation of a homestead. Archibald v. Jacobs, 69 Tex. 248, 6 S. W. 177; Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832.

The judgment is reversed, and the cause remanded.