## Tunis Ryerson et al. v. Samuel D. Eldred et al.

*Bill of review: Decree, mode of entering: Laches.* The Circuit Court cannot allow a bill of review upon a decree made by this court on appeal. If allowable at all, it must be upon leave granted here.

No review can be had of any decree of this court upon the record as it stands. If there can be any opening of a case decided on appeal, it must be for matters of fact newly discovered, and where there has been no laches.

Decrees of this court are made complete by entry on the journal. No separate signing or enrollment is needed.

*Sheriff's execution-deed: Altering decree: Rents of execution-debtor.* When a sheriff's execution deed, under a judgment at law, is made after a decree of this court, it is no ground for altering a provision in such decree requiring tenants to account for rents to the execution-debtor.

*Heard and Decided May 11.*

RYERSON ET AL *v.* ELDRED ET AL.

This case was decided at the January term of 1869, and is reported *ante p. 12.*

An application was now made for a re-hearing or such other relief as might be proper upon a showing substantially as follows:

It is claimed that by the decree possession is given of a larger tract than was covered by the contract under which the rights of Samuel D. Eldred accrued. Copies of the various papers were set out, but as the court did not discover any misdescription, it will not be necessary to recite them.

The affidavits set out also that Samuel D. Eldred's interest was sold on execution in December, 1864, and that a sheriff's deed was made to one Bunker in January, 1869, and they claim that the sheriff's vendee, and not Eldred, was entitled to possession.

They further set forth that the title had, before the assignment to Francis S. Eldred, become vested in all the partners by conveyance from Samuel D. Eldred to Eben Smith, and from Smith to them, and that it had been agreed before the hearing that these papers might be read, and that the omission to set them forth in the bill was accidental.

It was also set forth on belief that the assignee was not aware of the contract held by Samuel D. Eldred from the other partners. It was also claimed that the decree of the Supreme Court was not enrolled and signed by the judges. It also appeared that the Circuit Court had granted leave to file a bill of review, and one had been filed accordingly.

*E. S. Eggleston,* in support of the application, cited

*Stafford v. Bryan,* 2 *Paige, Ch. R. 47.*

*G. V. N. Lothrop, contra,* referred to

*Southard v. Russell,* 16 *How. R. 547, 570; Prevost v. Gratz,* 1 *Pet. C. C. R. 379; Daniel v. Mitchell,* 1

*Story C. C. R. 200; Dexter v. Arnold, 5 Mason's R. 303; Baker v. Whiting, 1 Story C. C. R. 230; Mead v. Arms, 3 Vt. 148; People v. Mayor of N. Y. 25 Wend. R. 252.*

*D. D. Hughes,* in reply.

*Per Curiam.*

We can pay no attention to the proceeding in the circuit allowing a bill of review. The decree complained of is a decree made by this court sitting as a court of last resort; and if any such bill can be permitted at all, it can only be done by the leave of this court. — *Southard v. Russell, 16 How. R. 547; Stafford v. Bryan, 2 Paige, Ch. R. 47.*

Nor is there any force in the suggestion that our decree has not been enrolled. Decrees in this court are never made in any other way than by entry on the journals. The decree, therefore, which was sent down to the circuit for execution, was final and complete.

It certainly seems a novel proposition that a re-hearing or review should be granted in this court after judgment actually entered and remitted to the circuit. It seems to be laid down quite generally that the House of Lords (whose practice we follow principally in appeals), will not review its decisions. — *Attorney General v. Ward, 1 Myl. & Cr. 449; Brown v. Aspden, 14 How. R. 25; Mitf. Eq. Pl. 79; People v. Mayor, 25 Wend. R. 252.*

And it would be out of the question to have a re-hearing in this court on any new facts or case, because we can only review or hear a case on the record as it comes up from the court below.—*Sears v. Schwartz, 1 Doug. R. 504.*

If there can be any relief it must be by permitting some proceeding to be had below, based upon a showing of some new facts which were not before us. If there is power to grant this relief it can only be for the same reasons which would justify the court below in granting it where there has been no appeal.

RYERSON ET AL v. ELDRED ET AL.

It does not appear from the papers now before us that the description of property in the decree is erroneous. We cannot discover any mistake from a comparison of the papers before us, and the contract professes to cover all property owned at Muskegon.

Upon the other points no equity whatever has been made out. The condition of the title was directly involved in the suit. It was discovered before the hearing that the deeds now offered were neither alleged nor proved, and after a hearing under such circumstances there could be no propriety in opening the case for that omission. But as the rights of Samuel D. Eldred under his contract, are the same in equity whether those deeds are proven or not, the defect becomes immaterial.

As the knowledge by Francis S. Eldred of the contract was shown by proof in the cause, any evidence to rebut it should have been introduced before hearing. He was a competent witness, and the only one likely to have known that fact, and there can be no possible excuse for not calling him. His affidavit now produced, moreover, does not deny the notice positively, and the proofs are quite as satisfactory to our minds.

It also appears that the execution proceedings were, or should have been, known before the hearing, as there are proofs in the cause directly referring to them. But these also are immaterial, for until a deed is obtained from the sheriff no possession can be obtained under an execution title. This deed was made after our decree, and the account, therefore, includes nothing that could interfere with it. If there should be any equities between Eldred and Bunker, these parties are not concerned with them.

There is no ground for relief shown, and the application must be denied, with costs.