CARRIE BROWN ET AL. v. MICHAEL BROWN ET AL.

[See 54 Mich. 617; 64 Mich. 75.]

*Rehearing—When not grantable.*

1. A rehearing on the same facts and legal controversy is not properly
   grantable, unless there has been some very peculiar assumption
   or defect on the first hearing, by which the Court and parties
   have been misled, and the case must be an extraordinary one in
   which the appellate Court can properly revoke its decision on any
   other ground.

2. Counsel are expected to present in one argument what there is to
   be presented, and the court will act on the whole record, or so much
   of it as is material.

3. It was not contemplated by the adoption of Supreme Court rule
   No. 62, directing how motions for rehearing should be presented,
   to relax the former practice.[1]

Motion for rehearing.  Submitted April 6, 1887.  Denied
April 21, 1887.

*R. W. Butterfield* (*Hanchett & Stark*, of counsel), for
motion.

*John E. More*, contra.

CAMPBELL, C. J.  A motion is now made for a rehearing
in this case, based on the supposed error of this Court in
drawing its conclusions from the record of pleadings and
evidence.

There is no reason given which was not given in the argu-
ment on the merits, which was very able and exhaustive, and
presented every view in favor of complainants that zeal and
ingenuity could offer.  There was no failure of counsel to do

———————

[1] See *Nichols, Shepard & Co. v. Marsh*, 62 Mich. 439.

anything that could be done. But the facts, which were considered fully, without placing the final result on what appeared to us the close interpretation of the pleadings, did not, in our opinion, entitle complainants to any relief, and, we do not see any reason to disturb the decision.

It is, however, proper to say, without especial reference to this particular case, that we have heretofore pointed out and explained that a rehearing on the same facts and legal controversy is not properly to be granted, unless there has been some very peculiar assumption or defect on the first hearing, by which Court and parties have been misled. The case must be an extraordinary one in which an appellate court can properly revoke its decision on any other ground. It is to be expected that counsel will always present in one argument what there is to be presented, and the Court will act on the whole record, or so much of it as is material.

We make this suggestion because, since we adopted the rule directing how motions for rehearing should be presented, it seems to have been supposed that we meant to relax the former practice, which we have never contemplated. See *Ryerson v. Eldred,* 18 Mich. 490; *Taylor v. Boardman,* 25 Id. 527, and notes to those decisions as reprinted.

The motion is denied; but as a part of complainants are infants, and motion costs are usually not only discretionary but small, and will not be important here when apportioned, we make no order for them.

MORSE and SHERWOOD, JJ., concurred. CHAMPLIN, J., did not sit.