## WATTS v. LAWRENCE.

(No. 959; Decided Dec. 18, 1919; 185 Pac. 719.)
(Rehearing denied March 15, 1920.)

Wills—Testamentary Character of Instrument—Deed Conveying Present Interest Held Not Testamentary in Character—Judgment—Executors and Administrators—Presentation of Claim Before Suit—Limitation of Actions—Necessity of Pleading Statute of Limitations—Pleading—Allegation of Compliance With Conditions.

1. A deed of warranty in due form, delivered in the life time of the grantor, but directing payments by grantee to persons therein named, within one year after decease of grantor, held, not testamentary in character.

2. The usual test applied to determine whether an instrument is a deed or a will is, whether or not it passes a present interest or estate. If it creates or vests in the grantee a present estate, even though that estate be one which cannot be enjoyed until the death of the grantor, it is a deed.

3. A deed from a mother to her son in form a warranty deed, directing that the grantee shall, within one year after grantor's death, pay certain sums to certain persons, "and upon filing receipts from the above-named persons, then this deed to be of full force and effect, otherwise to be null and void," held, a deed creating a present interest in the grantee at the time of its execution.

4. In an action to determine the right to money paid by a municipality in condemnation of realty alleged to have

been granted by plaintiff's decedent to defendant, but erroneously described in the deed it was not necessary for the trial court, in determining that title passed under the deed, to decree formal reformation to correct the description in the deed, so as to include the land in controversy.

5. Where land deeded by plaintiff's decedent to defendant was condemned by a municipality, and the condemnation money placed in the hands of a stakeholder pending a determination of the rights of the parties, presentation of a claim to the executor was not a condition prerequisite to the commencement of suit to recover such money; the owner of the land being the owner of the condemnation money.

6. A defendant's failure to raise the statute of limitations either by demurrer or answer constitutes a waiver of the defense.

7. In a suit to recover money deposited with a stakeholder in payment for land condemned by a municipality, title to the land being in controversy as between defendant and plaintiff, under a deed directing plaintiff to make certain payments after the grantor's death, plaintiff, having alleged that he was the absolute owner of the money, was under no necessity of alleging compliance with the directions of the deed as a condition precedent.

ERROR to the District Court, Laramie County; HON. JOHN R. ARNOLD, Judge.

*Ray E. Lee,* for plaintiff in error.

Plaintiff below did not present its claim to the administrator before suit; this is a pre-requisite to recovery by action (5616 C. S.; O'Keefe v. Foster, 5 Wyo. 343; Snyder v. State, 5 Wyo. 318); the petition does not allege such presentation nor disallowance; there is no presumption of rejection (O'Keefe v. Foster, *supra,* Morse v. Steele, 26 Pac. 693; Pratt v. Hunt, 41 Pac. 12; Bank v. Charles, 24 Pac. 1019; Burke v. Maguire, 98 Pac. 21; Willis v. Booth, 91 Pac. 759); there was an error of description in the deed which was not reformed by action; this should be fatal to recovery (5623 C. S.); reformation sought in the amended petition comes too late and, moreover, there was no evidence of mutual mistake to justify a reformation (Stoll v. Nagle, 15 Wyo. 86; Grieve v. Grieve, 15 Wyo. 358); the intention of the parties governs in construing a deed (Wolfe v. Scar-

borough, 2 O. St. 361; Banlos v. Ash, 19 Ill. 187); the instrument must be construed as a whole (Hamner v. Smith, 22 Ala. 433; Bruensmann v. Carroll, 52 Mo. 313); effect must be given to the entire instrument (Barnes v. Haybarger, 53 N. S. 76); written language inserted will prevail over the printed form of a deed (McNear v. McComber, 18 Iowa 12; Reed v. Hatch, 55 N. H. 327), and words given their natural meaning (Bradshaw v. Bradbury, 64 Mo. 334); there was failure to prove performance of conditions precedent (Stockton v. Weber, 98 Cal. 433, 33 Pac. 332); payments directed by the deed are a condition precedent (Re. Jones, 123 Mich. 505, 48 L. R. A. 580); unless the petition avers performance of conditions precedent, there can be no recovery (Albers v. Co., 66 N. W. 1040; Weeks v. O'Brien, 36 N. E. 185); the instrument recites a nominal consideration, a circumstance favoring forfeiture, unless conditions are shown to have been performed (70 Am. St. Rep. 731, 58 O. St. 67; 50 N. E. 99); if the instrument was not delivered in the life time of the grantor, a bona fide purchaser could take no title (Stone v. French, 37 Kan. 145, 14 Pac. 530); failure of delivery by the maker in her life time gives the instrument testamentary character; but in the present case the instrument is void as a will because improperly executed; grantor died with the deed in her possession, which is strong evidence of no delivery (Vrseland v. Vrseland, 48 N. E. Eq. 56); ignorance of mistake in description in a deed is no excuse (Foster v. Manefield & Coldwater R. 146 U. S. 88; Netzel v. Co., 65 Fed. 23); there can be no reformation without a showing of meritorious consideration (Pomeroy's Eq. Rem. 679); admissions alone are insufficient to establish a claim against an estate (Clark v. Roberts Estate, 87 Pac. 1077); the covenant of seizin was broken when made (Abbott v. Allen, 14 Johns. (N. Y.) 253, 7 Am. Dec. 554; Adams v. Conover, 87 N. Y. 422, 41 Am. Dec. 381; Downer v. Smith, 38 Vt. 464, 76 Am. Dec. 148; Clark v. Conroe, 38 Vt. 471; Clement v. Bank, 17 Atl. 717; Brandt v. Foster, 5 Cl. (Iowa) 295; Van Hagner v. Van Nostrand, 19 Iowa 427; Zent v.

Bicken, 54 Iowa 525; Maupin on Marketable Title, 259, note 6); the statute of limitations ran from the date the covenant was broken (Jenkins v. Hopkins, 9 Pick. (Mass.) 542); the pleadings of defendant in error are insufficient in not alleging positive facts (Hazard Co. v. Volker, 3 Wyo. 189); the Court should give effect to all parts of the instrument (Balch v. Arnold, 9 Wyo. 27); it should be enforced as made by the parties (Phillips v. Hamilton, 17 Wyo. 41).

*Kinkead & Henderson,* for defendant in error.

Defendant in error bases his claim upon ownership of the land; want of performance of conditions precedent cannot be urged for the first time on appeal; it was unnecessary to ask for a reformation of the instrument; the contention as to the statute of limitations is without merit, as it was not pleaded below (Hart v. Walton, 99 Pac. 719); only claims arising on contract must be presented to an administrator before suit (5618 C. S.); the rule does not apply to actions for the enforcement of liens (5624 C. S.); the evidence established a delivery of the deed (Walter v. Kressman, 25 Wyo. 293; 169 Pac. 313; 3623 C. S.); parol evidence is admissible to show the intention of the parties (Pring v. Swarm, 151 N. W. 734; Balch v. Arnold, *supra;* Albany v. Usel, 157 Pac. 204; Patch v. White, 117 U. S. 210); the deed was an executed contract (Collier v. Carter, 91 S. E. 551; Phillips v. Phillips, 186 Ala. 545; Hunt v. Hunt, 119 Ky. 39, 68 L. R. A. 180; Ferris v. Neville, 127 Mich. 444, 54 L. R. A. 464); a deed to take effect on the death of the maker where there are no other indicia to prove the intention of the grantor, may be construed as a deed or a will to prevent its becoming inoperative; the apparent intention of the parties must govern; even had the instrument provided that it should not be operative until the death of the grantor, that would not have determined the testamentary character of the instrument (Iness v. Potter, 153 N. W. 604; Pyle v. East, 155 N. W. 283); a deed becomes operative in *praesenti* even though enjoyment of the estate is postponed until the death of the grantor (Thomas v.

Williams, 105 Minn. 88, 117 N. W. 155) ; a voluntary con-
veyance is good against the grantor's heirs, unless obtained
by fraud or coercion (13 Cyc. 530) ; any valuable con-
sideration will support a conveyance of land (13 Cyc. 533) ;
the fact that the instrument was found among the effects of
the grantor's, is of no importance on the question of de-
livery (Walter v. Kressman *supra*) ; the deed was signed
and sealed by grantor and recorded by plaintiff and no other
ceremony was required to make it effective (3623 C. S.) ;
the case is on all fours with Meyer v. Stortenbecker, 165
N. W. 456) ; the right of a decedent to dispose of property
as he may desire cannot be questioned (Cook v. Cook, 165
N. W. 402) ; the statute of limitations cannot be raised
under a general denial (Bank v. Bank, 11 Wyo. 32; Marks
v. Board, 11 Wyo. 482; Fidelity Co. v. Parker, 20 Wyo.
29) ; the statute of limitations would not run until grantor
claimed an interest adverse to grantee (Cook v. Elmore, 25
Wyo. 393).

Burgess, District Judge.

This is a case brought here by Clyde M. Watts, Adminis-
trator of the estate of Mary A. Edwards, with the will an-
nexed, defendant below, by proceedings in error to review
a judgment rendered by the District Court of Laramie
County adjudging the defendant in error, Charles P.
Lawrence, plaintiff below, to be the owner of a special fund
held by the Stock Growers' National Bank as stakeholder
and to which the plaintiff in error had asserted a claim.

On March 29, 1905, Mary A. Edwards, a widow, signed,
executed, and delivered to her son, Charles P. Lawrence,
defendant in error herein, a warranty deed describing the
following lands situated in a then portion of Laramie
County, Wyoming, to-wit: The east one-half of the north-
west quarter, the southwest one-quarter of the northeast
one-quarter, and the northwest one-quarter of the north-
west one-quarter of section twenty-six in township four-
teen north of range seventy west. Through error, the de-
scription included the northwest quarter of the northwest

quarter of said section twenty-six, which the grantor did not then and never did own, and omitted the northwest quarter of the northeast quarter of said section twenty-six, which was owned at the time by the grantor, and which, by the intention of the parties, was to be embraced therein. Sometime later the east half of the northwest quarter and the west half of the northeast quarter of said section twenty-six were taken by the City of Cheyenne in condemnation proceedings for water works · purposes, and the compensation finally allowed for the taking of these lands amounted to $4,200.00, which sum is the subject matter of this controversy.

In April, 1915, Mary A. Edwards died, leaving a will, which was admitted to probate, and one Albert Chapman appointed executor. Chapman having resigned, Clyde M. Watts was appointed, and has been, since January, 1917, the administrator of the estate of Mary A. Edwards with the will annexed.

Both Charles P. Lawrence and the executor of the will of Mary A. Edwards having demanded the condemnation money from the City of Cheyenne, it was finally, by stipulation of the parties, placed in the hands of the Stock Growers' National Bank of Cheyenne to be held by it pending the litigation and turned over to the party to whom the ownership thereof was decreed, and the bank was made a party to the action.

The main contention upon which a reversal of the case is sought by the plaintiff in error is that the deed or instrument above mentioned was invalid in that it was never delivered, and that it was testamentary in character and, not being executed with the formalities of a will, was ineffectual either as a deed or a will.

The basis of the contention that there was no delivery of the instrument is the fact that it was found upon the death of the grantor among some of her effects. The evidence in the case, however, shows that upon the signing of the instrument by the grantor she acknowledged to T. J. Fisher, Clerk of the District Court of Laramie County, Wyoming, "that she signed, sealed and delivered" the same "as her free and

voluntary act for the uses and purposes therein set forth"; that the grantee then took the deed and had it recorded in the proper office and upon its being recorded it was returned to him; that she subsequently stated to others that she had deeded her land to her son, the grantee. In view of this evidence, we do not feel justified in disturbing the finding of the lower court that there was a delivery of the deed.

Was the deed or instrument testamentary in character? In form it was a warranty deed. The consideration therein recited is "One Dollar and other valuable considerations". The granting clause is that the grantor "has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey, unto said party of the second part and his heirs and assigns forever" the land first above described. There is a release by her of her homestead right in the premises. The covenants on her part are that "she is well seized in the premises in and of a good and indefeasible estate in fee simple", and that "they are free from all encumbrances whatsoever except a certain lease given to one William F. Ferguson", that "she has good and lawful right to sell and convey the same" and that "she will and her heirs, executors and administrators shall warrant and defend the same against all lawful claims and demands whatsoever", "that the said party of the second part shall and may lawfully at all times hereafter peaceably and quietly have, occupy, possess and enjoy the said premises hereby granted or intended so to be, with the appurtenances, without the lawful hindrance or molestation of the party of the first part, her heirs or assigns, or of any other person or persons whatsoever, by or with his or their consent, privity or procurement." There is also in the instrument, in typewriting, the following clause: "It is further understood and agreed by and between the parties hereto that the said C. P. Lawrence shall, within one year after the decease of the said Mary A. Edwards, pay to Edward Lawrence the sum of Fifty Dollars, to John Lawrence the sum of Twenty-five Dollars, to Robert Lawrence the sum of Three Hundred Dollars, to Thomas Lawrence, Grandson, the sum of Fifty

Dollars, and to Mrs. Lizzie A. Hurbutt the sum of Ten Dollars, and upon filing receipts from the above named persons then this deed be of full force and effect, otherwise to be null and void." It is by virtue of this clause that the contention is made that the instrument is inoperative as a deed because testamentary in character.

The usual test applied to determine whether an instrument is a deed or a will is whether or not it passes a present interest or estate. If it creates or vests in the grantee a present estate, even though that estate be one which can not be enjoyed until the death of the grantor, it is a deed. "An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment" (Kent, Vol. 4, p. 202).

Whether such an instrument as we have in this case creates such an interest is a matter upon which there is some conflict among the cases, but from an examination of the whole instrument, giving effect so far as possible to all its provisions, we are convinced that it operated to vest in the grantee an interest or estate at the time of its execution. In so holding we are, we believe, but following the weight of authority. Says the Kentucky Court of Appeals, in the case of John Hunt v. F. M. Hunt, 119 Ky. 42, 82 S. W. 999 (68 L. R. A. 181, 7 Ann. Cases 788), in upholding as a deed an instrument which provided that it was not to take effect until the death of the grantors, "The rule followed rests on the ground that, as the instrument contains words of present grant, covenant of warranty, and the like, and is authenticated or acknowledged as a deed, some force must be given all the parts of the instrument, and such a construction must be given to it as will make the instrument effective, rather than one that would deny it any operation; and therefore the words that the instrument is not to take effect until the death of the grantor must be construed as a clumsy way of expressing that the deed is not to take effect in possession or in the enjoyment of the property until the grantor's death." The court further says on page 45 of 119 Ky; page 1000 of 82 S. W.; page 182 of 68 L. R. A. (7

Ann. Cases 788): "The object of all construction is to arrive at the intention of the maker of the instrument. In doing this, all parts of the instrument must be considered, and in a deed, in case of doubt, it must be resolved against the grantor, for he selects his own language. While the instrument in question contains the words that it is not to take effect until the death of the grantors, it also contains the words, "do hereby sell and convey", "to have and to hold", and "said party of the first part hereby covenants with the said party of the second part that he will warrant the title hereby conveyed". These words aptly convey a present estate, and it is not presumed that one part of the deed was intended to conflict with another." See also Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. Rep. 213; Seals v. Pierce-Little Co., 83 Ga. 787, 10 S. E. 589; O'Day v. Meadows, 194 Mo. 588, 92 S. W. 637; Merck v. Merck, 83 South Carolina 329, 65 S. E. 347; Love & Blauw, 61 Kan. 496, 59 Pac. 1059; 48 L. R. A. 257.

It is further contended that the evidence in the case is insufficient to show any error in the description contained in the deed, or to justify any reformation of the same during the misdescription.

As bearing upon this matter, we believe the record sufficiently shows the following to be the facts:

For the purpose of furnishing the description of the land to be conveyed, there was handed to the scrivener who drew the deed a patent to Hugh J. Edwards from the United States for lands known as the Edwards Homestead and a lease supposedly covering the lands mentioned in the patent (though as to just what lands were embraced in the lease can not be gathered from the record); that the lands described in the patent were the east half of the northwest quarter and the west half of the northeast quarter of section twenty-six, township fourteen north of range seventy west; that these lands at the time of the signing of the deed were owned by Mary A. Edwards; that she did not at that time nor at any other time own the northwest quarter of the northwest quarter of section twenty-six; that it was the

intention of the parties to the deed to convey the lands then owned by her and described in the patent; that she stated afterwards that she had sold to her son, C. P. Lawrence, the lands known as the Edwards Homestead, and that she no longer owned any ranch (Bill of Exceptions, pp. 7, 20, 21, 25).

Certainly it can not be presumed that the grantor intended to convey and the grantee intended to buy land to which the grantor had no title and never had any title, nor to which, so far as the record reveals, she ever expected to acquire any title. If there is any presumption at all it is that the grantor intended to convey and the grantee intended to buy lands which the grantor then owned and which she had the right to sell and convey.

No formal reformation of the deed was decreed by the lower court, but it expressly found that the parties intended that the east one-half of the northwest quarter and the west one-half of the northeast quarter of section twenty-six should be conveyed, and the rights of the parties were determined upon that basis. In this we see no error.

The plaintiff in error assails the amended and substituted petition of the defendant in error on the ground that it failed to state a cause of action, in that (a) The right of the defendant in error, if any, to the funds in question was in the nature of a claim against the estate and there is no allegation of presentation of said claim to the administrator; (b) That the action is barred by the statute of limitations; (c) That the deed contains a condition precedent, the performance of which by him was not pleaded.

The contention that the right of the defendant in error to the funds in question was in the nature of a claim against the estate which had to be presented for allowance to the executor before suit is without merit. Whoever was the owner of the land was the owner of the condemnation money, for this money merely represented the land and was the fund in dispute. The gist of the whole controversy is, therefore, who was the owner of the land at the time it was condemned? Mary A. Edwards, the grantor, at the time of

her death, did not owe the defendant in error $4,200.00, or any sum whatever, nor did the executor, or his successor, the plaintiff in error, herein as administrator, owe the defendant in error $4,200.00, or any sum whatever. How then could he present a claim against the estate for any sum? The executor or administrator was never in possession of the money, neither of them ever had the funds in dispute. The relief asked for by the defendant in error and the judgment rendered is not that the estate or the personal representative of the decedent as such pay the defendant in error $4,200.00, or any sum of money, but that the defendant in error be decreed the owner of the fund in the hands of the bank free from the claims of the estate. (See Church New Probate Law and Practice, Vol. 1, p. 700, par. 3.)

The plaintiff in error did not raise the statute of limitations in the court below either by demurrer or answer, and he therefore waived it.

Whether the clause in the deed requiring the grantee to do certain things within a year after the death of the grantor was a condition precedent or not, it was not necessary for him to allege his performance thereof under the facts in this case in order to state a cause of action. The defendant in error alleges, in his amended and substituted petition, "that he is the absolute owner" of the money held by the Stock Growers' National Bank; that it was the money turned over to the bank by the City of Cheyenne in condemnation proceedings resulting in the taking of certain lands of which he was the owner and which he had purchased from Mary A. Edwards; and that the plaintiff in error was asserting a claim to the money in the hands of the bank.

The allegation that he was the owner of the money held by the bank was a sufficient allegation as to his title. He did not need to plead how he became the owner. It is true he alleges he was the owner of the lands condemned, and that he purchased these lands from Mary A. Edwards, but these were allegations of evidence which it was not necessary to plead. He was not required to plead a performance by him of the conditions precedent in a deed which con-

stituted a link in his chain of title.   Says the court in George Adams and Frederick Co. v. The South Omaha National Bank, 123 Fed. 641, 60 C. C. A. 579, "An averment that one is the owner of certain described property is an averment of an ultimate fact such as is permissible in good pleading.   It is not usually deemed necessary, when making an allegation of this sort, to describe the manner in which the pleader became the owner of the property."

The defendant in error at the trial of the case introduced evidence tending to show a performance by him of some of the obligations imposed upon him by the deed in question, and facts which tended to excuse a performance by him of the other obligations; and the plaintiff in error challenges the sufficiency of the evidence to show a performance or a legal excuse for the performance by him of these obligations.

The court below made an express finding of fact "That the grantee in said deed is not chargeable with default in the performance of any duty or obligation imposed upon him."   There is evidence in the record justifying this finding and it should not be disturbed.

Other questions are raised by the plaintiff in error in his brief which we have duly considered, but we deem their discussion unnecessary.

The judgment will be affirmed.          *Affirmed.*

BEARD, C. J., and POTTER, J., concur.

BLYDENBURGH, J., being unable to sit in this case, HON. JAMES H. BURGESS, Judge of the Fourth Judicial District, was called in and sat in his stead.

ON PETITION FOR REHEARING.

BEARD, CHIEF JUSTICE.

This case was decided in an opinion handed down December 18, 1919, 185 Pac. 719.   A petition for a rehearing has been filed by counsel for plaintiff in error.   The grounds upon which a rehearing is sought are on practically every point decided in the case; and the brief in support of the petition consists almost entirely of a re-argument of those

questions. On the hearing of the case we were favored with an elaborate brief in which all of the grounds presented by the petition for a rehearing, with one or two exceptions, were fully discussed, and the case was also argued at length orally; and was given full consideration by the court. We think the correct rule on applications for rehearing is well stated, and supported by the authorities, in 18 Enc. P. & P. 36, as follows: "Where all the facts presented have in fact been duly considered by the court, and where the application presents no new facts, but simply reiterates the arguments made on the hearing, and is in effect an appeal to the court to review its decision on points and authorities already determined, a rehearing will be refused" (Brown v. Brown, 64 Mich. 82; Hadley v. Challiss, 15 Kans. 602; Steele v. State, 33 Fla. 354; and other cases cited in note). However, a few points in the brief merit attention.

It is strenuously argued that the court was in error in its statement in the opinion that the statute of limitations not being raised in the court below, by demurrer or answer, was waived. And it is argued that by the former decisions of this court that when it appears on the face of the petition that the action is barred, the petition does not state facts sufficient to constitute a cause of action, and the question can, therefore, be raised at any time, even on appeal. The cases cited hold that when it does so appear upon the face of the petition, it does not state a cause of action and is subject to a general demurrer; but that is the extent to which those cases go, and do not decide that if the objection is not thus taken it is not waived. The point, however, was not necessary to a decision in the present case. The question in this case is, who owned the land at the time it was condemned by the city? Whoever owned it at that time is entitled to the condemnation money, and the fact that the defendant in error alleged in his petition that he was not only the owner at that time, but had been such owner for more than ten years prior thereto, and unnecessarily pleaded the source of his title, did not show that his action to determine his right to the money in the hands of the stakeholder was barred

by the statute. If counsel's contention were true, then one who was the owner of the land condemned at the time of the condemnation, and had been the owner for more than ten years prior thereto, would be barred from asserting his right to the condemnation money because some one else wrongfully claimed to be the owner at the time of condemnation.

It is also argued that the court did not consider an alleged error of the trial court in denying the motion for a new trial on the ground of newly discovered evidence. That point was raised by the motion for a new trial, but was not argued in the original brief, and was therefore waived (Bank v. Ludvigsen, 8 Wyo. 230; Phillips v. Brill, 15 Wyo. 521, 90 Pac. 443).

Considerable space in the brief is devoted to the contention that the judgment against the city was not proven. It was not necessary to offer evidence to sustain an allegation of the petition which was to all intents and purposes admitted in the answer. The agreement by which the money was deposited in the bank was attached to the original petition and made part thereof, and was unmistakably referred to and made a part of the amended petition; and the defendant in his answer admitted "that said bank occupies the position of stakeholder as to the funds involved in this action which have been deposited with it by said plaintiff and said Albert Chapman as executor of said estate of Mary A. Edwards, deceased." And in the second paragraph of his answer he alleges: "That said Mary A. Edwards, deceased, was the owner of the lands described in plaintiff's amended and substituted petition; that said lands were taken by the city of Cheyenne in condemnation proceedings; that the sum of $4,200.00, which is the money in controversy in this action, and which was deposited with said Stock Growers' National Bank to be held until the ownership thereof should be settled and determined, is a part of the consideration for said land paid by the City of Cheyenne in said condemnation proceedings; that the judgment of court rendered in said condemnation proceedings was rendered during the lifetime

of said Mary A. Edwards, deceased, and such judgment thereupon became and was her sole and separate property; that said defendant, as the administrator with the will annexed of the estate of said Mary A. Edwards, deceased, is, by law, authorized and entitled to receive and recover said sum of $4,200.00 as the property of said estate." We are unable to see what difference it makes whether the amount of the condemnation money was determined by agreement, by appraisers, or by the court on an appeal from the award of the appraisers. The amount paid by the city is not in dispute and it is alleged and admitted that it was deposited to await a decision as to its ownership. The point urged is without merit. All other questions material to a determination of the matters in controversy in the case are discussed and decided in the original opinion. No substantial reasons for a rehearing having been advanced, a rehearing is denied.

*Rehearing denied.*

POTTER and BLYDENBURGH, JJ., concur.