FIRST NATL. BANK OF GREEN RIVER v.
ENNIS, ET AL.
(No. 1734; Nov. 21, 1932; 15 Pac. (2d) 1111)

For former opinion see 44 Wyo. 497, 14 Pac. (2d) 201.

RINER, Justice.

Appellant has filed his petition for a rehearing in this case which has been carefully examined and the record again searched in the light of the points urged therein. As a result, we conclude that the interpretation now undertaken to be put by appellant upon the evidence contained in the record is quite untenable.

The chief argument advanced at this time appears to be that the water contracts and the moneys due under them were "pledged to" Kendall, Boyer and Howell. To this, as we view the matter, there are several conclusive answers. First, no such contention has heretofore been urged in the case. Points raised for the first time in a petition for re-hearing will ordinarily not be considered. Allith-Prouty Co. v. Wallace, 32 Wyo. 406, 233 Pac. 144, 234 Pac. 504, 39 A. L. R. 513; Brotherhood of Locomotive Firemen & Enginemen v. Ginther, 35 Wyo. 280, 248 Pac. 852, 252 Pac. 1026; Watts v. Lawrence, 26 Wyo. 378, 185 Pac. 719, 188 Pac. 34. Second, the testimony of counsel for appellant as a witness for the plaintiff, itself discloses that the contention is without foundation. In the course of his cross-examination, the following questions and answers appear in the record:

"Q What I want to know is whether Kendall, Boyer and Howell or Putnum and Flaherty were holding the notes and water contracts which you now say should have been made out and which you were constantly insisting should be made out to the Eden Irrigation and Land Company?

"A When they did that, they did it contrary to my knowledge. As soon as I found out they were holding any such notes, I made them bring them and deposit them with me, and I kept them for the Eden Irrigation and Land Company.

"Q So you insisted that these notes and mortgages and contracts were the property of the Eden Irrigation and Land Company, and should be put into your hands for that company?

"A Certainly, and I held them for the company until the receivership.

"Q And then you turned them over to the receiver?

"A Turned them over to the receiver."

We are quite unable to perceive how there could be any pledge to Kendall, Boyer and Howell of these water contracts and notes for sums due under them, if this testimony be taken in its full import. This the trial court undoubtedly did. It is manifest that counsel thought that the several contracts between the Eden Irrigation and Land Company and Kendall, Boyer and Howell required that the water contracts and the moneys due thereunder were the property of and should be held by the Eden Irrigation and Land Company. When that company passed into the hands of a receiver, counsel not only thought, but acted pursuant to the thought, that such contracts and moneys should be held by such receiver and they were accordingly turned over to him. In these views, we think counsel was correct. They are in entire harmony with the construction of the contracts of the parties as announced in the opinion heretofore filed herein. They are utterly at variance with the suggested theory of a pledge.

We are referred to counsel's testimony as a witness for the plaintiff to the effect that some time after January 21,

1927, Ennis and Howell came to counsel's office and that, quoting the exact testimony of Mr. Taliaferro, "Mr. Ennis then and there agreed that he would take these notes, debentures and contracts, and that he would diligently seek their collection, and that when collected he would distribute the equities to the Kendall, Boyer and Howell interests." It is said that there was no traverse of these statements and that they stand undisputed in the case. Appellant, however, seems to have overlooked that Ennis, as a witness for defendants, in response to the question, "Did you ever have any conversation with Mr. Taliaferro and Mr. Howell in Mr. Taliaferro's office in which you said that if they would turn over the notes and water contracts that you would make the collections diligently, and as you made the collections you would turn the proportionate amounts over to Putnam and Flaherty and Boyer, Kendall and Howell?" definitely and positively answered, "I never did." It was within the province of the trial court, of course, to resolve this conflict in the testimony against the plaintiff. In the original opinion herein, we indicated that in this court we are controlled by the general finding in defendants' favor where facts in controversy were determined below upon conflicting testimony.

Other points are urged in the petition and supporting brief, but we consider either that they have been fully reviewed in what has been previously incorporated in the opinion aforesaid or that they cannot control or affect in any way the conclusions reached therein. This being so, our view is that a rehearing would be useless and the petition is therefore denied.

KIMBALL, C. J., and BLUME, J., concur.