In re Estate of Anna M. George, Deceased.
Nellie Russell Ordahl, Appellant, v. Charles Johnson,
Administrator of Estate of Anna M. George, Deceased, Appellee.

Gen. No. 44,445.

Opinion filed November 10, 1948.   Rehearing denied December 1, 1948.
Released for publication December 2, 1948.

STEPHEN A. CROSS, of Chicago, for appellant.

MERLE E. FINCH, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a proceeding which seeks an order directing the administrator to deliver up to petitioner personal property which petitioner claims was "conveyed" to her during decedent's lifetime. The petition was originally filed in the Probate Court and a hearing had on the merits after issue was joined. The Probate Court decided against petitioner. An appeal was taken to the Circuit Court where petitioner made a motion to strike the administrator's answer. On the latter's motion the motion to strike was carried back to the petition which was dismissed as insufficient in law. Plaintiff has appealed from the order of dismissal.

Plaintiff was a niece and "rather close" companion of the decedent. In January 1940, decedent executed a bill of sale of rugs, pictures, clocks, jewelry, silverware, etc. to plaintiff. The bill of sale was recorded in April 1943. Decedent died in June 1947. Immediately thereafter the defendant, as administrator of the decedent's estate, took possession of the property. Plaintiff alleged that the decedent "absolutely conveyed" the personalty to her; that thereafter, because of her love and affection and relationship to the decedent, she agreed that the personalty should remain in the decedent's apartment so long as the latter occupied the apartment and wished to keep the property; and that the defendant has possession of the property, denies petitioner's title and refuses delivery.

In this court the administrator, to sustain the judgment, contends that the Probate Court was without jurisdiction to determine the issue. If the contention is sound it will apply as well to the Circuit Court on an appeal from the Probate Court. He cites as authority for the contention, *In re Estate of Quick,* 333 Ill. App.

573. In that case the widow's petition, for a citation to recover property, was not against the administratrix. In the instant case the petition is by a third person to recover from the administrator, property which the decedent possessed but did not own at the time of her death.

■ ■ Probate Courts have a limited jurisdiction. Horner Probate Practice, Consolidated, 4th Ed. Vol. 1, Secs. 22-24. The purpose of administration of decedent's estate is: 1. To collect the assets and pay the debts, expenses, etc.; and 2. To distribute the net assets among those entitled thereto. 21 Amer. Jur. 377. In aid of the first purpose the Illinois Probate Act provides for citations to recover property for the estate. Article XV, Chap. 3, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 110.432 *et seq.*]. This is not a proceeding for a citation. It is for the recovery of specific personal property from the administrator. Also, in aid of the administrative purpose, the Probate Act provides fully for adjudication of claims against estates, Article XVII [Ill. Rev. Stat. 1947, ch. 3, par. 344; Jones Ill. Stats. Ann. 110.441 *et seq.*].

■ The Probate Court has not jurisdiction against all claims against an estate or its administrator. Horner Probate Practice, Vol. 1, Sec. 383. It is clear from a reading of Article XVII of the Probate Act that the instant proceeding does not fall within any classification made in that Article of claims against estates. It is plain that the Article contemplates monetary claims to be paid, if allowed, in due course of administration.

■ The instant claim is not a monetary claim. If allowed it could not be paid. It seeks specific property. The claim is adverse to the claim of title by decedents personal representative. Plaintiff does not seek *through* the estate but against it. *Schmitt v. Jacques*, 26 Tex. Civ. App. 125, 62 S. W. 956. It is not based on alleged misconduct of decedent during her lifetime, but upon the conduct of defendant after decedent's death. *Oliver v. Crook*, 321 Ill. App. 55, p. 71. Plain-

tiff's action should not have been presented in the Pro-
bate Court. It should have been the subject of an in-
dependent suit. *Oliver v. Crook; Schmitt v. Jacques;
Barlow v. Anglin,* 45 S. W. (Tex.) 857; *Watts v. Law-
rence,* 26 Wyo. 367, 185 Pac. 719.

It is our opinion that the Probate Court had no
jurisdiction of the claim in the first instance and that
the Circuit Court was without jurisdiction to consider
the appeal. While this does not appear to have been
the reason for the decision in the Circuit Court, the
decision is, nevertheless, right. We need consider no
other points raised.

For the reasons given the judgment is affirmed.

*Affirmed.*

BURKE, P. J., and LEWE, J., concur.