Jake Bowers and Nina Bowers, Appellants, v. Hattie H. Webb and Hattie H. Webb, Executor of Estate of Jessie Bowers, Deceased, Appellees.

### Gen. No. 9,662.

Opinion filed October 31, 1949. Released for publication November 28, 1949.

SCHIMMEL & SCHIMMEL, of Pittsfield, for appellants.

WINTHROP B. ANDERSON and BARRY MUMFORD, both of Pittsfield, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Henry Bowers died leaving a last will and testament, the Fourth paragraph of which reads as follows:

"FOURTH:—All the rest, residue and remainder of the property owned by me at the time of my death, of whatsoever kind and wheresoever situate, I give,

devise and bequeath as follows: One-half to my said wife, Jessie Bowers, and the other one-half to my children to be divided among them share and share alike; and at the death of my said wife, the property herein bequeathed to her shall go to my said children, or whatever remains of the same.''

Plaintiffs appellants, the children of Henry Bowers, filed a complaint in the circuit court of Pike county, to construe said will, alleging that said paragraph left the decedent's wife, Jessie Bowers, only a life interest of his residuary estate, consisting of cash and chattel property, and that upon her death whatever remained thereof should go share and share alike to each of the plaintiffs, as their own absolute property. Defendant appellee, the executor of the will of the widow of Henry Bowers, filed a motion to dismiss, on the ground that the will gave Jessie Bowers the absolute title to the property in question, and not merely a life interest therein, and on the ground that the circuit court had no jurisdiction. The complaint was dismissed for want of equity. This appeal followed.

It has been frequently held by the courts of this State that the cardinal rule to be followed in the construction of a will is to give effect to the intention of the testator, unless it violates some law or public policy of the State. It has been further held repeatedly that the entire will must be examined to determine the intent of the testator; that every part of the will must be given effect; that rules of construction must yield to the intent of the testator; and that an apparent interest in fee can be cut down to a life estate by subsequent language.

This same problem has been before the courts many times and we will refer to only a few of the more recent cases on this question decided by our Supreme Court.

16

In the case of *Keiser v. Jensen,* 373 Ill. 184, the question was whether the last will and testament of Frank Keiser devised the property to his wife, Anna B. Keiser, for life, or whether she took an interest in fee. Said will provided as follows:

"SECOND. After the payment of such funeral expenses and debts, I give, devise and bequeath to my wife, Anna B. Keiser all of my property both real personal and mixed of what nature and kind soever and wheresoever the same shall be at the time of my death.

"THIRD. If at the decease of my wife, Anna B. Keiser, there should be any real estate or personal property left it is my request that it be divided between my two children, George W. Keiser and Mabel E. Keiser Jensen, to share and share alike."

The court held that the wife acquired only a life interest in the property, saying at pages 191 and 192:

"We have repeatedly held that the court should, if possible, harmonize apparently inconsistent or repugnant clauses or provisions of the will so as to give effect to each in accordance with the testator's general intention in the light of the circumstances surrounding its execution. (*Field v. Field,* 297 Ill. 379; *Heitzig v. Goetten,* 347 id. 619.) Our conclusion is that the testator intended his wife to have a life estate with power of disposal during her lifetime, but not by will, and if any of the estate remained undisposed of at her death, it was to go to the two children in equal shares. Such an intention violates no rule of law and is not against public policy."

In the case of *Scott v. Crumbaugh,* 383 Ill. 144, a suit was filed to construe the will of Simeon Crumbaugh, deceased, the first and second paragraphs of which were as follows:

"First, I order and direct that my Execut— hereinafter named pay all my just debts and funeral ex-

17

penses as soon after my decease as conveniently may be.

"Second, After the payment of such funeral expenses and debts, I give, devise and bequeath to Simeon Crumbaugh My Husbman the following described Real Estate to Wit The North West quarter of the North West quarter of Section Two (2) in Town-ship Twenty One (21) North Range Four (4) East of 3rd P M Containing 40 Acers being deeded in the Name of Catherine Crumbaugh. togather with all My Personal Property and with My Interest in My Husbmans Estate At The Death of My Husbman Simeon Crumbaugh Two Thousand Dollars of the above described property to go My Brothers and Sisters and the balance to be shared Equally between My Brothers & Sisters and My Husbmans Brothers & Sisters"

The court held that the husband took only a life estate, saying at page 147:

"The law is well settled that the intention of the testator must be ascertained from a consideration of the whole will; that such construction must be adopted as will uphold all the provisions and give effect to all the language used by the testator . . ."

and at page 148:

"The rule that a will, if possible, will be construed as giving an estate of inheritance to the first taker, is only a rule of construction and must yield to the intention expressed by the language of the will. It cannot be applied where to do so would result in disregarding the language of the will or the intention of the testator expressed by the language used."

In the case of *Knisely v. Simpson,* 397 Ill. 605, the same question was involved. The paragraph of the will provided as follows:

"Second, After the payment of such funeral expenses and debts, I give, devise and bequeath unto my

18

beloved wife Leonore Kline Simpson all my estate and effects, whatsoever and wheresoever, both real and personal of which I die possessed or seized. It is my desire that she may sell and convey any or all of my property of which I die seized or possessed in her own name and in my stead the same as I might do were I living and this at any time she thinks best. It is my wish that at the death of my said wife Leonore Kline Simpson that of what is left of my property so left by me as aforesaid my daughter Ruth V. Simpson have the sum of $500.00 (Five Hundred Dollars) and what of the furniture and fixtures I die possessed as she may select.

"After the fulfillment of my wishes as stated above it is my wish and I give, devise and bequeath all the rest, remainder and residue unto the said Ruth V. Simpson and Mary Frances Knisely of Toledo, Ohio, share and share alike."

The court held that the widow took only a life estate, saying at pages 609 and 610:

"All the provisions of a will, including the residuary clause, are to be construed as a whole and effect given, if possible, to every part of the will. (*Strauss v. Strauss,* 363 Ill. 442.) Isolated language in one clause should not be extracted and construed apart from its relation to the entire will. (*In re Estate of Reeve,* 393 Ill. 272; *Halderman v. Halderman,* 342 Ill. 550.) Where a testator, by his will, employs language sufficient to pass title in fee, if it be clearly shown by other clauses or parts of the will that he intended to reduce, qualify or cut down the fee granted, such intention will prevail. (*In re Estate of Reeve,* 393 Ill. 272; *Riddle v. Killian,* 366 Ill. 294; *Meins v. Meins,* 288 Ill. 463.) In particular, a devise of a fee may be restricted by subsequent words in a will and changed to an estate for life. (*Gahan v. Golden,* 330 Ill. 624;

19

*Cales v. Dressler,* 315 Ill. 142; *McClintock v. Meehan,* 273 Ill. 434.)''

Numerous other cases to the same effect could be cited, but it is felt that it would unduly prolong this opinion to do so.

■ What was the testator's intention? What did he have in mind when he said ''and at the death of my said wife the property herein bequeathed to her shall go to my said children . . . ?'' It seems clear that he could have intended only one thing, and that is that his wife's enjoyment of this property should be limited to her life. Appellee makes no effort to explain away this phrase, but rather seeks to rely on technical rules of construction which would prevent us from examining into the testator's intention. The one part of the clause, if it stood alone, would have given the wife an interest in fee, but the unalterable fact is that it did not stand alone, but was followed by language which clearly indicated the testator's intention to cut down the fee to a life estate. Following the rules laid down by the Supreme Court, it is our opinion that the widow took only a life estate in the property in question.

■ Appellee contends that while a devise of land in fee can be cut down to a life estate by a subsequent clause in a will, a bequest of personal property cannot, and that a different rule is applicable in this case, since only personal property is involved. She maintains that a different rule applies to a bequest of personal property than applies to a devise of real estate. We cannot so agree. In the case of *Scott v. Crumbaugh,* cited above, and in the case of *In re Estate of Reeve,* 393 Ill. 272, both real and personal property were involved, and the court made no distinction between them, and in the case of *Golstein v. Handley,* 390 Ill. 118, only personal property was involved, and the court held that the entire will was to be considered

20

and that a subsequent clause could modify an earlier clause which appeared to be an outright and unqualified bequest of personal property. Defendant relies on *Griffiths v. Griffiths,* 198 Ill. 632. It is true that in that case the court did say by way of dicta that there was a distinction between gifts of personalty and gifts of real estate in whether or not the court could look to other parts of the will to determine whether a less estate was limited. However, it should be noted that in the fourth paragraph of the will in the *Griffiths* case, which is the paragraph which disposed of the personal property to the wife, it was provided that all of the personal property was to go to the wife "for her own and sole use forever." This language was certainly indicative of an intention to grant an outright and unqualified gift in the wife. There is no similar language in the will at bar. Furthermore, the personal property was not involved in the *Griffiths* case, as the action was a suit to remove a cloud upon the title to the real estate, and anything said by the court with reference to the personal property was necessarily dicta. Furthermore, the court holds that the limiting clause, the sixth paragraph of the will, referred back only to the clause in which the real estate was devised and did not refer back to the clause in which the personal property was bequeathed. In other words the court held that it was the testator's intention to cut down the apparent interest in fee in the real property, but it was not his intention to cut down the interest in the personal property.

In the *Griffiths* case the court said that in bequests of personal property other parts of the will could not be looked to. "Other parts" are not being looked to here. The limiting clause is contained in the same part of the will and in the same paragraph of the will as the granting clause.

21

The *Griffiths* case has never been cited by the Supreme Court on this proposition, since it was announced in 1902, and even if it be regarded as establishing the point contended for by defendant, it has certainly been overruled by implication.

No reason is suggested as to why there should be a distinction between real property and personal property in this respect, and the court sees none.

█ Appellee also contends that the circuit court had no jurisdiction in this matter. With this we cannot agree. We believe that the suit was properly brought to construe the will in the circuit court.

She relies mainly upon the proposition that a court of equity will not assume jurisdiction of a bill to construe a will which is neither ambiguous nor uncertain. We agree with this proposition of law, but it is not applicable to this case. Language very similar to that in the case at bar was held to be ambiguous and to need construction in the cases of *Keiser v. Jensen; Scott v. Crumbaugh,* and *Knisely v. Simpson,* all cited above.

█ It is not necessary to allege the conclusion that the language is ambiguous if the language is cited and it is apparent to the court that the language is ambiguous and needs construction.

Appellee cites *Deiterman v. Ruppel,* 200 Ill. 199 and *McCall v. Lee,* 120 Ill. 261, for the proposition that this action was not properly brought in the circuit court, but should have been started by the filing of a claim in the probate court. These cases do not so hold. They hold that in cases similar to this, at least insofar as the money was concerned, a claim may be filed in the probate court, but the question as to whether or not the suit could have been started in the circuit court was not even discussed as it was not involved in those cases.

22

In each of those cases a claim was filed in the probate court and the court held that it was properly filed, but the court did not state that the action could not have been commenced in the circuit court.

A contention similar to that made by appellee was before this court in *Murphy v. Fox,* 334 Ill. App. 7. There an action was brought to construe a will in the circuit court and defendant made the point that the action should have been pursued in the county court sitting in probate. We denied that contention, stating, at page 15:

"We find no merit in appellants' contention that the circuit court should have dismissed the complaint because the same action was pending before the county court. Cases cited by appellants in this connection go only to show that the county court sitting as a probate court has certain equitable powers, among which is necessarily the power to construe a will in the course of administration of an estate. It does not follow, however, that the county court's jurisdiction to construe is exclusive, and it seems clear to us from the provisions of ch. 22, par. 50, Ill. Rev. Stat. 1945 (Jones Ill. Stats. Ann. 106.13), and the cases and the practice thereunder that the circuit court clearly had jurisdiction to construe the will despite the fact that the estate of Leslie Murphy was then in the process of administration before the county court."

Attention is also directed to the fact that the estate of Henry Bowers under whose will this life estate was granted has been closed for several years. If a claim had been filed in the estate of Jessie Bowers the probate court would then have been called upon to construe the will of Henry in making distribution in the estate of Jessie. No such case has been called to our attention. All the cases cited have been cases in which it has been held that the probate court has jurisdic-

23

tion to construe the will of a deceased to determine how his estate should be distributed.

Appellee admits the probate court would not have had jurisdiction to determine the title to the chattels involved. In the case of *In re Estate of George,* 335 Ill. App. 509, it was held that the probate court had no jurisdiction to hear the petition seeking an order directing an administrator to deliver up to petitioner personal property which petitioner claimed was "conveyed" to her during decedent's lifetime.

The court said at page 511:

"The Probate Court has not jurisdiction against all claims against an estate or its administrator. Horner Probate Practice, Vol. 1, Sec. 383. It is clear from a reading of Article XVII of the Probate Act that the instant proceeding does not fall within any classification made in that Article of claims against estates. It is plain that the Article contemplates monetary claims to be paid, if allowed, in due course of administration.

"The instant claim is not a monetary claim. If allowed it could not be paid. It seeks specific property. The claim is adverse to the claim of title by decedents personal representative. Plaintiff does not seek *through* the estate but against it. *Schmitt v. Jacques,* 26 Tex. Civ. App. 125, 62 S. W. 956. It is not based on alleged misconduct of decedent during her lifetime, but upon the conduct of defendant after decedent's death. *Oliver v. Crook,* 321 Ill. App. 55, p. 71. Plaintiff's action should not have been presented in the Probate Court. It should have been the subject of an independent suit. *Oliver v. Crook; Schmitt v. Jacques; Barlow v. Anglin,* 45 S. W. (Tex.) 857; *Watts v. Lawrence,* 26 Wyo. 367, 185 Pac. 719."

■ It may be that the probate court had jurisdiction also, at least of the claim for the money, but certainly the circuit court had jurisdiction to construe

24

this will, and having taken jurisdiction the court will do complete justice in the matter, and if the appellee, the executor of the wife's estate has in her hands certain property in which the wife had a life estate and to which the appellants are now entitled, she should account to them for that property.

Even if the appellants could not have maintained an original action in the circuit court for the money, it was necessary that the will be construed, and if the court takes jurisdiction for this purpose it has the right to do complete justice between the parties and determine their respective rights in both the money and the chattel property.

For the reasons set forth above, this cause is reversed and remanded to the circuit court of Pike county, with directions to deny said motion to dismiss and for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*