Nellie Russell Ordahl, Appellant, v. Charles Johnson, Administrator of Estate of Anna M. George, Deceased, Appellee.

Gen. No. 45,030.

Heard in the second division of this court for the first district at the December term, 1949. Opinion filed June 20, 1950. Released for publication July 14, 1950.

STEPHEN A. CROSS, of Chicago, for appellant.

MERLE E. FINCH, of Chicago, for appellee; FRANCIS L. BRINKMAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff seeks by this suit in equity to have the administrator declared a constructive trustee of per-

sonal property alleged to have been transferred to the plaintiff by the decedent, Anna M. George. The trial court sustained a motion to strike the complaint, and the plaintiff electing to stand on the complaint, the suit was dismissed for want of equity. From this order plaintiff appeals.

The complaint alleges that the plaintiff was a niece of the decedent and was her close companion for many years; that on June 5, 1940, decedent executed a bill of sale to certain personal property described therein for a consideration of $100; that on the same day, plaintiff orally agreed with decedent that the property should remain in the apartment of the decedent so long as the decedent occupied the apartment and wished to keep the property; that the property did remain in the apartment until June 21, 1947, when the decedent died; that the property then came into the possession of the administrator, who now has and refuses to deliver it to the plaintiff; that he is therefore a constructive trustee and should be required to account to plaintiff for all the property, and that the court should order him to deliver the property to the plaintiff, or if any has been sold, to pay the plaintiff the proceeds realized from such sale. The bill of sale describes the property as follows: rugs, pictures, clocks, jewelry—silverware, lamps, china, and all other furniture, household furnishings, bric-a-brac, ornaments, draperies, kitchenware and linens. There is no further itemization in the bill of sale nor any further description of it as to location or otherwise. Plaintiff attaches to her complaint an exhibit not shown in the abstract but which is in the record, covering a long list of items of furniture for living room, hall, dining room, three bedrooms, kitchen, and back porch, and also rugs, pictures, clocks, lamps, silverware, plateware, chinaware, glassware, linens, wearing apparel, and jewelry,

including platinum and diamond rings, and necklaces of jade, silver, gold, pearl and amethyst, etc.

The motion to strike alleges that the plaintiff has an adequate remedy at law; that the necessary elements to constitute a constructive trust, namely fraud or fiduciary relationship, are not charged; that the allegation of consideration is by way of conclusion; that in equity where a contract is sought to be specifically enforced, which would appear to be the relief sought in this complaint, an actual valuable consideration for it must be alleged and proved; that the goods were never delivered; that without actual valuable consideration the transaction must be considered an incompleted gift which failed on the death of the donor; and that the bill of sale is inadequate in that it does not identify the articles sold.

This matter was before this court in the case of *In re Estate of George*, 335 Ill. App. 509. In that case, the plaintiff filed a petition in the probate court for an order directing the administrator to deliver up the property to the petitioner. The probate court denied the petition. On appeal to the circuit court a motion to strike the petition was sustained, and on appeal to this court it was held that the probate court had no jurisdiction of a claim by a third party to recover property allegedly owned by him and possessed by an administrator. The Appellate Court did not assume, as plaintiff would have us believe, that either as a matter of fact or law, "the decedent possessed but did not own the property at the time of her death."

 Here the plaintiff asks the court to decree that the defendant administrator is a constructive trustee of property to which the plaintiff claims the legal title. There is no basis for a constructive trust in a case such as this. A constructive trust arises where

a party acquires title to property through fraud or through the abuse of a confidential relationship. (*Steinmetz v. Kern,* 375 Ill. 616.) Where a person is under a duty of restitution because he has acquired possession of goods without obtaining title to them, he is not chargeable as constructive trustee. (Restitution, Quasi-Contracts, and Constructive Trusts, Restatement of the Law, sec. 4, ch. 1, p. 20.) For such a situation, there are simple and adequate legal remedies.

██ Plaintiff argues that the bill of sale was effective to convey title to the property involved on the date it was given, the property then being in a deliverable state. This is wholly inconsistent with the enforcement of a constructive trust.

It also appears from the complaint that possession of the goods was not transferred at the time of sale, but was left with the decedent for a period of seven years until her death; that the lack of specific description would make the goods difficult to identify; that the consideration was nominal; that the intention was to make a gift rather than a sale; and as would appear from plaintiff's brief, this was a transfer intended as a substitution for a will, which are all elements a chancellor could properly consider in determining whether the complaint lacked equity.

For the reasons stated, the order of the circuit court of Cook county is affirmed.

*Order affirmed.*

SCANLAN and FRIEND, JJ., concur.